SHILLCUTT, Plaintiff in error, v. STATE, Defendant in error.†

*No. 75–617–CR. Submitted on briefs November 5, 1976.— Decided December 14, 1976.*
(Also reported in 247 N. W. 2d 694.)

† Motion for rehearing denied, without costs, on February 15, 1977.

For the plaintiff in error the cause was submitted on the briefs of *Howard B. Eisenberg* state public defender.

For the defendant in error the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *Betty R. Brown,* assistant attorney general.

PER CURIAM. The issues on appeal are as follows:
1. Is the evidence sufficient to support a conviction for pandering under sec. 944.33 (1) (a) or (2), Stats.?

2. Is soliciting a prostitute under sec. 944.32, Stats., an included offense in keeping a house of prostitution under sec. 944.34?

3. Is sec. 944.32, Stats., an unconstitutional restriction of free speech as applied to the facts of this case?

4. Is the evidence sufficient to support conviction for a violation of sec. 944.34 (2), Stats.?

■ The first issue deals with sufficiency of the evidence to convict for pandering. Sec. 944.33 (1) (a), Stats., penalizes one who "[s]olicits another to have nonmarital sexual intercourse or to commit an act of sexual perversion with a female he knows is a prostitute." An essential element of a charge under this statute is that the accused solicit the customer. We can find no evidence in the record in this case which will support the conclusion beyond a reasonable doubt that plaintiff in error solicited Stanley or Auggie or the unidentified "trick" for Joan. It is an equally tenable inference that each customer contacted plaintiff in error, rather than the other way around.

■ We believe plaintiff in error was not charged under the proper subdivision of the statute. Sec. 944.33 (1) (b), Stats., penalizes one who "[w]ith intent to facilitate another in having nonmarital intercourse or committing an act of sexual perversion with a prostitute, directs or transports him to a prostitute or directs or transports a prostitute to him." It is probable the plaintiff in error could have been convicted of two violations of this subdivision on the record in this case. First, plaintiff in error directed Auggie to Monica in October, 1971. Second, plaintiff in error directed Joan upstairs to perform the "trick" which he had arranged when Monica was gone. Notwithstanding plaintiff in error's

probable guilt under sec. 944.33(1)(b), his conviction under sec. 944.33(1)(a), must be reversed.

■ It is argued that sec. 944.32, Stats., is an included offense under sec. 944.34. It is claimed that one cannot keep a place of prostitution without soliciting the prostitutes who occupy it. The short answer to this argument is that plaintiff in error was not accused of keeping a place of prostitution. That is prohibited by sec. 944.34(1). He was charged with a violation of sec. 944.34 (2), which prohibits granting use or allowing continued use as a place of prostitution. This crime does not have the necessary common elements as does a crime of soliciting a prostitute under sec. 944.32. Sec. 939.66 sets forth the relationship between two crimes which must be satisfied before one can be considered included in the other. The relationship between secs. 944.32 and 944.34(2) does not fall within sec. 939.66.

■ The plaintiff in error contends his conviction for soliciting a prostitute is a violation of plaintiff in error's right of free speech. It is argued that advocacy by plaintiff in error that Joan become a prostitute was nothing but the expression of an idea. We have held it constitutional to make promotion of unlawful chain distributor schemes a crime. *State v. Lambert,* 68 Wis.2d 523, 229 N.W.2d 622 (1975). Such promotion is analogous to soliciting a customer for a prostitute. If advertising an unlawful commercial activity can be prohibited by a criminal statute, surely recruiting employees or partners for illegal acts may be prohibited as well.

■ ■ The plaintiff in error also contends that evidence is not sufficient to convict for allowing use of the apartment as a place of prostitution. It is argued the evidence fails to show plaintiff in error had sufficient control over the apartment. We agree that in order to sustain a conviction under sec. 944.34(2), Stats., the state must prove that plaintiff in error had authority

to exclude those engaging in an act of prostitution from the use of the apartment. *See: State v. Larson,* 206 Wis. 154, 238 N.W. 837 (1931). As regards Joan, it is clear that plaintiff in error had possession and control over the apartment. He had the power to exclude her from the use of the apartment. When he directed her upstairs to meet the unnamed customer, he had already let the customer in. There is no doubt the apartment was a place of prostitution. The evidence is sufficient to support conviction for a violation of sec. 944.34(2).

*By the Court.*—That part of the judgment and order of conviction adjudicating plaintiff in error guilty of violation of sec. 944.33(1)(a) and (2), Stats., is reversed. The balance of the judgment is affirmed.

The following opinion was filed February 16, 1977.

PER CURIAM *(on motion for rehearing).* On motion for rehearing, our attention has been called to erroneous statements in the decision.

For that reason the following, which appears at 74 Wis.2d 642, 645, 247 N.W.2d 694, 695 (1976), is stricken:

"We can find no evidence in the record in this case which will support the conclusion beyond a reasonable doubt that plaintiff in error solicited Stanley or Auggie or the unidentified 'trick' for Joan. It is an equally tenable inference that each customer contacted plaintiff in error, rather than the other way around."

In lieu thereof the following is inserted:

"We can find no evidence in the record in this case which will support the conclusion beyond a reasonable doubt that plaintiff in error solicited Auggie for Monica. It is an equally tenable inference that Auggie contacted plaintiff in error, rather than that plaintiff in error solicited Auggie."

Further, the following, which appears at 247 N.W.2d 692, 696, is stricken:

646b

"The state argues that sec. 944.32, Stats., is an included offense under sec. 944.34."

In lieu thereof the following is inserted:

"It is argued that sec. 944.32, Stats., is an included offense under sec. 944.34."

This insertion is identical to the sentence as it appears at 74 Wis.2d 642, 646.

These errors do not otherwise alter the substance of the court's opinion or the outcome of the case.

The motion for rehearing is denied.