STATE of Wisconsin, Plaintiff-Respondent-Petitioner,

v.

Michael BETTINGER, Defendant-Appellant.†

Supreme Court

*No. 80–196–CR. Argued March 3, 1981.—Decided March 31, 1981.*

(Also reported in 303 N.W.2d 585.)

† Motion for reconsideration denied, without costs, on April 29, 1981.

For the petitioner the cause was argued by *Betty R. Brown*, assistant attorney general, with whom on the brief was *Bronson C. La Follette*, attorney general.

For the appellant there was a brief and oral argument by *Jack E. Schairer*, senior assistant state public defender.

BEILFUSS, C.J.   This is a review of a decision of the court of appeals which vacated a judgment of the Circuit Court for Oneida County, LEWIS J. CHARLES, Reserve Circuit Judge, Presiding.

On August 1, 1978, a criminal information was filed in Oneida county circuit court alleging that Michael Bettinger (defendant) had sexually assaulted a young woman by use of force and violence in violation of sec. 940.225(2)(a), Stats. It was also alleged that the defendant had attempted to bribe his victim to drop the

charges of sexual assault in violation of secs. 946.61(1) (a) and 939.32(1). The defendant plead not guilty to both charges. A motion to sever the counts for separate trials was denied by Circuit Judge RONALD D. KEBERLE and a jury trial on the joined charges was thereafter conducted before Reserve Circuit Judge LEWIS J. CHARLES.

At the trial evidence was introduced which established that the victim was eighteen years old and lived with her mother and stepfather in northern Wisconsin. The defendant was a friend and co-worker of the victim's stepfather. In June of 1978, while her mother and stepfather were vacationing, the young woman rented a cabin at the Burr Valley Resort in Oneida county. On June 22 the defendant approached her and asked her to join him for dinner. She refused.

The victim of the assault retired in the early evening. During the early morning hours of June 23, 1978, the defendant came to the cabin where she was staying. She was awakened by a knock on the door. When the door was opened, the defendant forced his way in against the victim's will. He subsequently forced himself upon her and required her participation in a series of sexual acts.

The state also introduced evidence attempting to establish that the defendant tried to bribe the victim to induce her to drop the charges against him. There was testimony by the young woman and her mother that at a prearranged meeting on June 29, 1980, the defendant offered $1,000 in exchange for an agreement not to cooperate in the prosecution of the matter of the sexual assault. In order to counter the state's case, defense counsel attempted to show that the bribery offer was the product of a design conceived by the mother and stepfather and that the defendant had nothing to do with the offer.

The jury found the defendant guilty of the sexual assault charge but not guilty of the offense of bribing a witness.

On appeal it was contended that the joinder of the offenses of sexual assault and bribing a victim-witness resulted in substantial prejudice to the defendant and that the trial court abused its discretion when it refused to grant a motion for severance of the joined counts. In an unpublished opinion, the court of appeals held that it was error not to sever the counts for a separate trial on each charge. In substance the court of appeals decided that separate and distinct acts were involved but, while they could be joined, upon a balance of competing interests, it was concluded that the prejudice to the defendant was greater than the legitimate interests of the state. A new trial was ordered. The state petitioned for review of this decision and we granted its petition.

The sole issue in this case is whether it was an abuse of discretion for the trial judge to refuse to order severance of the charge of bribery from the charge of second-degree sexual assault.

There can be no dispute in this case that joinder of these two charges was authorized by sec. 971.12(1), Stats.,[1] as two or more acts which are "connected together." *See Peters v. State,* 70 Wis.2d 22, 29, 233 N.W. 2d 420 (1975). Rather than claiming misjoinder, the defendant argues that he was prejudiced by the joinder of counts, and severance was required under sec. 971.-

---

[1] Sec. 971.12(1), Stats., provides: "Two or more crimes may be charged in the same complaint, information or indictment in a separate count for each crime if the crimes charged, whether felonies or misdemeanors, or both, are of the same or similar character or are based on the same act or transaction or on 2 or more acts or transactions connected together or constituting parts of a common scheme or plan. When a misdemeanor is joined with a felony, the trial shall be in the court with jurisdiction to try the felony."

12(3).[2] He claims that evidence of the one crime would not be admissible in the trial of the second charge, and that especially since the trial judge failed to give a cautionary instruction to the jury substantial prejudice resulted. He also argues that in striking the balance between the interests of the public and the interests of the defendant the trial court abused its discretion in concluding that severance was not required.

We hold that the trial court did not abuse its discretion in denying the motion for severance. Although the state argues that this conclusion is required for several reasons,[3] in this opinion we will discuss only the substantive basis of our decision.

This court has considered the question of prejudice arising from a joinder of criminal charges on several

[2] Sec. 971.12(3), Stats., provides: "If it appears that a defendant or the state is prejudiced by a joinder of crimes or of defendants in a complaint, information or indictment or by such joinder for trial together, the court may order separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires. The district attorney shall advise the court prior to trial if he intends to use the statement of a co-defendant which implicates another defendant in the crime charged. Thereupon, the judge shall grant a severance as to any such defendant."

[3] The state argues that the judgment of conviction must be affirmed for at least two reasons in addition to those set forth in the body of the opinion. First, the defendant failed to make an adequate record of the reasons justifying severance at any stage of the proceedings. It is noted that this is sufficient to constitute a waiver of the right to complain of prejudicial joinder on appeal. *Holmes v. State,* 63 Wis.2d 389, 398, 217 N.W.2d 657 (1974); *Lampkins v. State,* 51 Wis.2d 564, 572, 187 N.W.2d 164 (1971). Secondly, it is claimed that the defendant was acquitted of the bribery charge and this supports the conclusion that, assuming it existed, the potential prejudice arising from the joinder of the charges of evidence remained unrealized.

previous occasions.[4] We have noted that, in considering a motion for severance, the trial court must determine what, if any, prejudice would result due to a trial on the joined charges. The court must then weigh this potential prejudice against the interests of the public in conducting a trial on the multiple counts. This balancing of competing interests involves an exercise of discretion and a trial court's determination will not be disturbed on appeal in the absence of an abuse of that discretion. *Holmes v. State,* 63 Wis.2d 389, 396, 217 N.W.2d 657 (1974).

We have recognized that the defendant suffers a risk of prejudice when he is tried on the basis of an information containing multiple counts. The risk of prejudice arising under these circumstances is related to the prejudice which arises when evidence of other crimes or wrongful acts is admitted improperly at trial. *See* sec. 904.04(2), Stats. When a jury is informed of the accused's previous wrongful conduct, it is likely that it will consider that the defendant is a "bad person" prone to criminal conduct. It is also possible that the jury will confuse the issues and will be incapable of separating the evidence. Therefore there is a serious risk that a conviction will result without regard to the facts proven relative to the crime charged. Similarly, when some evidence is introduced to prove the commission of multiple criminal acts joined in one information, there is a risk that the defendant will be convicted not because the facts demonstrate guilt beyond a reasonable doubt but because the jury may conclude that the accused is predisposed to committing crimes and that "some" evidence is "enough" evidence to return a conviction. In a trial on joint charges, there is also the possibility that the

---

[4] *See e.g., Peters v. State,* 70 Wis.2d 22, 233 N.W.2d 420 (1975); *Bailey v. State,* 65 Wis.2d 331, 222 N.W.2d 871 (1974); *Holmes v. State,* supra.

jury will cumulate the evidence of the crimes charged and find guilt when it otherwise would not if the crimes were separately tried. *See Bailey v. State, supra,* 65 Wis. 2d at 346; *State v. Kramer,* 45 Wis.2d 20, 36, 171 N.W. 2d 919 (1969).

Severance is a remedy directed at curing this type of prejudice. However, we have consistently recognized that when evidence of both counts would be admissible in separate trials, the risk of prejudice arising due to a joinder of offenses is generally not significant. *See Peters v. State, supra,* 70 Wis.2d at 30; *Bailey v. State, supra,* 65 Wis.2d at 347; *Holmes v. State, supra,* 63 Wis. 2d at 397. The simple logic behind this rule is that when evidence of one crime is relevant and material to the proof of a second crime, virtually identical evidence will be submitted to the jury whether or not one crime or both crimes are being tried.

We must focus upon whether or not in this case evidence of the commission of one of the charges would be admissible to prove the commission of the second charge. In Wisconsin, "other crimes" evidence "is not admissible to prove the character of a person in order to show that he acted in conformity therewith." Sec. 904.04(2), Stats. However, such evidence is not unconditionally inadmissible. When such evidence is introduced for "other purposes," it is not objectionable. *Id.* As set forth in the rule, other purposes include proof of such things as intent, motive or knowledge.

In this case it is clear that evidence of the commission of one charge was admissible to prove the other charge. We have recognized that "other crimes" evidence is admissible to complete the story of the crime on trial by proving its immediate context of happenings near in time and place. *Bailey v. State, supra,* 65 Wis.

2d at 347. Such evidence is likewise admissible to prove motive. Sec. 904.04(2), Stats. In this case evidence of the sexual assault would be admissible to show the context of, and the motivation for, the act of bribery. Evidence of the bribery would also be proper to demonstrate that the defendant committed the sexual assault. It is generally acknowledged that evidence of criminal acts of an accused which are intended to obstruct justice or avoid punishment are admissible to prove a consciousness of guilt of the principal criminal charge. *See* McCormick, *Evidence* (1972, 2d ed.), p. 451, sec. 190. *See also Peters v. State, supra,* 70 Wis.2d at 30.

The facts of this case are analogous to those in our decision in *Peters v. State, supra.* In that matter the defendant was charged with burglary and with obstructing an officer. The second charge arose out of an alibi that was given to police officers after the burglary was committed. A trial was held on both charges. The court wrote:

"In this case evidence of the burglary is admissible on the charge of obstructing an officer in order to show the motive for the obstruction. Conversely (and contrary to the defendant's arguments), evidence regarding fabrication of alibi is admissible on the burglary count. The probative value of such evidence on the burglary count is slight, but it does tend to show an awareness by the defendant that his defense to the main charge is so weak that he needs to fabricate evidence. From this awareness of weakness the trier of fact can legitimately infer a consciousness of guilt on the part of the defendant in regard to the main charge." 70 Wis.2d at 30.

The court concluded that it was not error to refuse to order a severance of counts. *Id.* at 28.[5]

---

[5] In *Peters v. State,* 70 Wis.2d 22, 233 N.W.2d 420 (1975), the court ordered a new trial in the interests of justice pursuant to sec. 251.09, Stats. 1975. This holding was predicated upon the

■

Since the evidence of one crime was probative on the question of the commission of the second crime, the defendant in the instant case was not prejudiced by the joinder of the charges of sexual assault and bribery such that the refusal to order severance amounted to an abuse of discretion.

The defendant argues that a limiting instruction should have been given in this case. It is claimed that it was error not to give a cautionary charge to the effect that the jury should not consider evidence of the bribery as sufficient to convict the defendant of the sexual assault. It is argued that the two charges tried together had a "double-teaming" effect that was highly prejudicial to the defendant. Reliance is placed mainly upon *Peters v. State, supra,* 70 Wis.2d 22. As noted above, Peters was charged with burglary and obstructing an officer. We noted that a cautionary instruction like the one requested here should have been given. The court wrote:

"We conclude that even though trying . . . charges [of burglary and obstructing an officer] together was not error in this case and the failure to deliver proper cautionary instructions was not error in view of the failure of defendant's counsel to request such instructions, the giving of such an instruction was the only means of adequately protecting the defendant against the double-teaming effect of such joinder. We conclude

opinion that the entire proceeding was infected by the joinder of the two charges without proper cautionary instructions to the jury regarding the use of evidence introduced to support the separate charges. *Id.* at 25. In *Peters,* the defendant was convicted of both charges and the court concluded that the potential for improper use of the evidence by the jury caused an apparent miscarriage of justice in the absence of a cautionary instruction. *Id.* at 28. In this case such a danger is not present. The defendant was in fact acquitted of the bribery charge.

that the lack of such an instruction caused an apparent miscarriage of justice, and that a new trial free of this defect may very well produce a different result. Accordingly, it is proper for this court to exercise its power of discretionary reversal under sec. 251.09, Stats., and to grant a new trial in the interest of justice." *Id.* at 28.

Although we agree that such an instruction would have been appropriate under the facts of this case, no request was made of the trial judge to give the cautionary instruction. No error was committed by the trial court in failing to give the unrequested jury charge. In any event, we note that in this case the defendant was acquitted of the allegations of bribery. This supports the conclusion that the jury properly sorted the evidence despite the absence of the instruction.

It was proper for the defendant to be tried for the two offenses with which he was charged. There was no abuse of discretion in refusing to sever the counts for separate trials. The defendant's conviction must stand.

*By the Court.*—The decision of the court of appeals is reversed, and the judgment and sentence of the trial court are affirmed.

The following memorandum was filed April 29, 1981:

Per Curiam (*on motion for reconsideration*). The defendant-appellant, Michael A. Bettinger, in his motion for reconsideration correctly states that the decision and mandate of this court reinstates the judgment of conviction entered by the circuit court. This matter was resolved by the court of appeals in favor of the defendant-appellant solely on the basis of the issue of prejudicial joinder and therefore a new trial was ordered by that court without further consideration of other issues raised on appeal. We reversed the decision of the court of appeals upon that single issue. The defendant-appel-

lant now moves this court for the entry of an order modifying our mandate so as to provide for a remand of this cause to the court of appeals for a determination of issues unresolved by that court. The state does not oppose this motion. Accordingly, the mandate of our decision is amended to provide that this matter shall be remanded to the court of appeals for their consideration of unresolved issues which were properly raised by the defendant-appellant on appeal.