STATE of Wisconsin, Plaintiff-Respondent,

v.

Joseph L. JOHNSON, Defendant-Appellant.†

Court of Appeals

*No. 81–1981–CR. Submitted on briefs June 28, 1982.—
Decided August 25, 1982.*
(Also reported in 324 N.W.2d 447.)

† Petition to review denied.

704

For the defendant-appellant the cause was submitted on the brief of *Mary E. Waitrovich,* assistant state public defender.

For the plaintiff-respondent the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *David J. Becker,* assistant attorney general.

Before Voss, P.J., Scott, J. and Lewis J. Charles, Reserve Judge.

SCOTT, J.   This is an appeal from a judgment of conviction entered on February 4, 1981 by a jury finding Joseph L. Johnson guilty of soliciting for prostitution, contrary to sec. 944.32, Stats.[1]  The issues on appeal are whether sec. 944.32, is unconstitutionally vague or overbroad on its face, whether it is overbroad as applied, whether it constitutes a denial of equal protection and whether there was sufficient evidence to support Johnson's conviction.  Because we find that sec. 944.32, is constitutional and that the evidence was sufficient, we affirm.

Johnson met C.O. on August 2, 1979 while both were patients at St. Catherine's Hospital in Kenosha.  Subsequently, Johnson called C.O. and told her that he was interested in her as a potential model for style shows. He also said that he could train her as a professional model and would be her agent for twenty percent of her earnings.

On November 17, 1979, C.O. accompanied Johnson to what he represented would be an interview with a photographer.  At Johnson's suggestion, she brought several outfits along.  Johnson took C.O. to an Oak Creek motel room.  He asked her to strip to her underclothing and took her measurements.  Next he loaded his Polaroid

---

[1] Johnson also appeals from an order denying his motion to vacate the judgment of conviction. The issues involved in the appeal from the trial court's order are identical with the issues in the appeal from the judgment of conviction.

camera and asked her to remove her undergarments so that he could photograph her in the nude. He told her that he needed the nude photographs so that he could try to get her a modeling job at the Chicago Art Institute. He took several shots of her in a standing position and then asked her to pose for a "beaver" shot. She became upset and refused to do so; she did not believe the art institute would be interested in such a picture. Johnson then offered to photograph C.O. wearing the various outfits she had brought with her.

C.O. testified that as the photography session continued, Johnson told her that while she could make $100 an hour as a model, she could make $200 an hour if she would perform a sex act with the photographer. C.O. answered that what Johnson proposed sounded like a "glorified whore job." Johnson replied that he had a clientele and was not asking her to stand on the corner to "pick up any Tom, Dick or Harry." He also assured C.O. that the clients need not know her real name. After C.O. repeatedly expressed disinterest in sexual relations with anyone other than her husband, Johnson told her that God had given her an attractive body, and she should use it for profit. He said he would train her; he could teach her to bring a man to climax in less than five minutes.

At C.O.'s insistence, the interview terminated. During the trip back to Kenosha, Johnson reiterated that C.O. could profit from using her body and that she could get $200 a session for intercourse with men.

Under sec. 944.32, Stats., "[w]hoever intentionally solicits . . . any person to practice prostitution" may be punished by a fine not to exceed $10,000 or imprisonment not to exceed five years, or both. Sec. 939.50(3)(d), Stats. Prostitution, itself, is punishable by a fine not to exceed $10,000 or imprisonment not to exceed nine months, or both. Secs. 944.30 and 939.51(3)(a), Stats.

Johnson argues that sec. 944.32, Stats., is unconstitutionally overbroad and vague on its face. Every statute is presumptively constitutional. *State v. Holmes,* 106 Wis. 2d 31, 41, 315 N.W.2d 703, 708 (1982). The burden of proving a statute unconstitutional beyond a reasonable doubt rests upon the party attacking it. *Id.* A statute is overbroad when its language, given its normal meaning, is so sweeping that its sanctions may be applied to conduct which the state is not permitted to regulate. *City of Milwaukee v. Wilson,* 96 Wis. 2d 11, 19, 291 N.W.2d 452, 457 (1980). In order to assert a claim of overbreadth, it is not necessary that the defendant's own conduct be constitutionally protected. *Id.* The overbreadth analysis reflects the conclusion that the possible harm to society from allowing unprotected speech to go unpunished is outweighed by the possibility that protected speech will be muted. *Id.* at 20, 291 N.W.2d at 458. If a statute includes within its prohibition conduct which is constitutionally protected, it is void even though the defendant's own conduct is unprotected and may be prohibited by a more narrowly drawn law. *Id.*

A statute is unconstitutionally vague if it fails to afford proper notice of the conduct it seeks to proscribe. *Id.* at 16, 291 N.W.2d at 456. The test to determine vagueness is whether the statute is so obscure that men of ordinary intelligence must necessarily guess as to its meaning and differ as to its applicability. *Id.* In order to withstand a vagueness challenge, a law need not attain mathematical precision, but it must be sufficiently definite so that potential offenders are able to discern the boundaries of proscribed conduct. *Id.*

In a facial challenge to the overbreadth and vagueness of a law, a court's first task is to determine whether the

enactment reaches a substantial amount of constitutionally protected conduct. *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 102 S. Ct. 1186, 1191 (1982). Overbreadth must not only be real but substantial as well, judged in relation to the plainly legitimate sweep of the challenged statute. *State v. Dronso*, 90 Wis. 2d 110, 116, 279 N.W.2d 710, 713–14 (Ct. App. 1979).

Not all speech is constitutionally protected. *See Morgan v. City of Detroit*, 389 F. Supp. 922, 926–28 (E.D. Mich. 1975). It is well-established, for example, that certain commercial speech does not come within the scope of the first amendment. Speech that is "no more than a proposal of possible employment" is a "classic [example] of commercial speech" and may be subject to government regulation where the transaction proposed is illegal in any way. *Pittsburgh Press Co. v. Pittsburgh Commission on Human Relations*, 413 U.S. 376, 385, 388 (1973). Speech proposing an illegal commercial transaction may be banned entirely. *Hoffman Estates*, 102 S. Ct. at 1192. Speech recruiting persons for illegal acts may be prohibited as well. *See Shillcutt v. State*, 74 Wis. 2d 642, 646, 247 N.W.2d 694, 696 (1976).

On its face, sec. 944.32, Stats., is directed at speakers who intentionally propose an illegal commercial transaction, and, thus, it does not, in general, implicate speech protected by the first amendment. Even assuming that one might hypothesize a speaker who recruits others for prostitution out of purely political motives, this court is not persuaded beyond a reasonable doubt that sec. 944.32, reaches a substantial amount of constitutionally protected conduct.

Johnson argues that sec. 944.32, Stats., is unconstitutionally vague because the word "solicit" does not put persons of ordinary intelligence on notice as to the parameters of the conduct proscribed. A law that satis-

fies the overbreadth test may nevertheless be challenged on its face as unduly vague, in violation of due process. To succeed, however, the complaint must demonstrate that the law is impermissibly vague in all of its applications. *Hoffman Estates,* 102 S. Ct. at 1193.

Johnson cites no authority in support of his contention that "solicit" is impermissibly vague. Other jurisdictions that have considered the question have uniformly concluded that "solicit" is sufficiently precise to withstand a vagueness challenge. *See, e.g., Morgan,* at 929; *Pryor v. Municipal Court for the Los Angeles Judicial District of Los Angeles County,* 599 P.2d 636, 645 (Cal. 1979); *State v. Willis,* 218 N.W.2d 921, 924 (Iowa 1974). Furthermore, to violate sec. 944.32, Stats., a person must "intentionally" solicit someone to practice prostitution. "Intentionally" means that "the actor either has a purpose to do the thing or cause the result specified or believes that his act, if successful, will cause that result." Sec. 939.23 (3), Stats. The requirement that the speaker must have a specific intent to accomplish an unlawful purpose mitigates whatever vagueness there may be in the notice given by "solicit" and insures that the statute cannot properly be applied to innocent activity. *See Wilson,* 96 Wis. 2d at 18, 291 N.W.2d at 457.

Johnson argues that sec. 944.32 Stats., is overbroad as applied to the circumstances of this case because his statements to C.O. fail to meet the two-pronged imminence requirement set forth in *Brandenburg v. Ohio,* 395 U.S. 444 (1969). Under *Brandenburg,* a state may not "forbid or proscribe advocacy . . . of law violation except where such advocacy is directed to inciting or producing imminent lawless action and is likely to incite or produce such action." *Id.* at 447. Johnson contends that his words were not intended to incite C.O. to an immediate act of prostitution and that under the circumstances,

there was not a high probability that she would immediately commit prostitution. Johnson misconstrues the situations in which *Brandenburg* applies. The *Brandenburg* test rests on the well-established premise that political speech is a valuable kind of expression entitled to first amendment protection. The test simply delineates the scope of the protection that political speech enjoys. It has no application to the entirely unprotected kind of expression that Johnson employed in his conversation with C.O.—purely commercial speech that proposed an illegal transaction.

Johnson's last constitutional argument is that the disparity between the five year penalty provided in sec. 944.32, Stats., for soliciting an adult to practice prostitution and the nine month penalty provided in sec. 944.30, Stats., for committing an act of prostitution constitutes a violation of his right to equal protection under the fourteenth amendment. Johnson also contends that his right to equal protection is violated because the penalty for soliciting for prostitution is as great or greater than the penalty provided in sec. 939.30, Stats., for the solicitation of any felony except first-degree murder.

This court must sustain the penalty scheme established by the legislature if there is any reasonable basis for it. *State v. Asfoor,* 75 Wis. 2d 411, 440, 249 N.W.2d 529, 542 (1977). A denial of equal protection exists only where the penalties provided are irrational or arbitrary. *Id.* If there is any reasonable basis for penalizing one who solicits for prostitution more severely than one who commits an act of prostitution or one who solicits the commission of a felony, the classifications must be sustained.

Section 944.32, Stats., proscribes soliciting a person to "practice" prostitution. According to *Webster's Third*

*New International Dictionary* 1780 (1976), "practice" means "to do or perform often, customarily, or habitually." Section 944.32, Stats., therefore, proscribes solicitation of ongoing criminal conduct. By contrast, sec. 944.30, Stats., punishes a single act of prostitution, and sec. 939.30, Stats., punishes solicitation of a single felony. It is reasonable for the state to punish solicitation of repeated acts of prostitution more severely than it punishes one act of prostitution. An individual who repeatedly commits prostitution can be charged with multiple counts under sec. 944.30, Stats. Similarly, it is reasonable to punish solicitation of ongoing prostitution as severely or more severely than solicitation of a single felony.

Johnson's final argument is that the evidence was not sufficient to support his conviction. On appeal, the test for sufficiency is whether the trier of facts, acting reasonably, could have been convinced beyond a reasonable doubt by the evidence which it accepted as true. *State v. Beaty,* 57 Wis. 2d 531, 541, 205 N.W.2d 11, 17 (1973). The weight of the evidence and the credibility of the witnesses are matters for the trier of facts. *Wurtz v. Fleischman,* 97 Wis. 2d 100, 107, 293 N.W.2d 155, 159 (1980). A jury verdict will not be upset if there is any credible evidence on which the jury could have based its decision. *Shawver v. Roberts Corp.,* 90 Wis. 2d 672, 681, 280 N.W.2d 226, 230 (1979).

To convict Johnson under sec. 944.32, Stats., the State had the burden of demonstrating that he intentionally solicited C.O. to practice prostitution. C.O. testified that Johnson urged her to use her body for profit by engaging in sexual acts with men at $200 a session. That testimony covered every element of sec. 944.32, Stats., and the jury was free to believe it.

*By the Court.*—Judgment and order affirmed.