STATE of Wisconsin, Plaintiff-Petitioner,

v.

James D. HUFF, Defendant-Respondent.†

Court of Appeals

*No. 84–1868–CR. Argued December 19, 1984.—*
*Decided February 20, 1985.*
(Also reported in 367 N.W.2d 226.)

† Petition to review denied.

For the plaintiff-petitioner, there were briefs submitted by *Bronson C. La Follette,* attorney general, and *Thomas J. Balistreri,* assistant attorney general. Oral argument by *Thomas J. Balistreri.*

For the defendant-respondent, there was a brief and oral argument by *Michael J. Gross,* of *Hippenmeyer, Reilly, Bode & Gross, S.C.,* of Waukesha. *David Gerlach* of counsel.

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

BROWN, P.J.   This is an appeal by the state from a nonfinal order entered September 10, 1984, amending several felonies charged in an information to misdemeanors and severing most counts for separate trials. We hold that the trial court exceeded its review powers by amending the felony counts contained in the information. Therefore, we reverse that portion of the order. As to the severance issue, we conclude the trial court properly exercised its discretion and affirm.

James D. Huff was originally charged with fourteen counts of soliciting to practice prostitution, pursuant to sec. 944.32, Stats.  The underlying charges arise from various incidents with nine females, all but one under the age of eighteen.  Between February 1982 and November 1983, these girls, most of whom were students at Kettle Moraine High School, went to Huff's house for various purposes, including employment, drug transactions or with friends already acquainted with Huff.  Huff would then proposition them to have sex with him and/or pose for nude photographs for money.

A preliminary hearing was held on February 27 and 28, 1984.  With one exception, the magistrate found probable cause to believe Huff had committed the felonies charged in the complaint.  Huff was then bound over for trial.

The information was filed, charging Huff with the commission of sixteen felonies. Huff filed numerous motions, including a motion to dismiss on the grounds that the evidence presented at the preliminary hearing did not support a finding "that the defendant probably committed a crime" and a motion to sever the charges pending against him because of the possibility of prejudice and confusion inherent in a joint trial. The trial court, in a fifty-six page decision, however, independently assessed the evidence adduced at the preliminary hearing and amended the complaint, reducing nine of the felony counts to misdemeanors. The state appealed the trial court's amendment of these nine counts.

A trial court's examination of individual charges alleged in the information is a different matter than a review of a bind over decision of the magistrate[1] or presiding judge at a preliminary hearing. The magistrate at a preliminary hearing has the duty to determine whether the evidence establishes probable cause to believe that a felony has been committed and that the defendant has probably committed it. Sec. 970.03(1), Stats. The magistrate may not weigh the state's evidence against evidence favorable to the defendant. *State v. Dunn*, 121 Wis. 2d 389, 398, 359 N.W.2d 151, 155 (1984). If the magistrate finds it is probable that only a misdemeanor has been committed by the defendant, it has the power to amend the complaint to conform to the evidence. Sec. 970.03(8). Further, the magistrate may dismiss any count for which it finds there is no probable cause. Sec. 970.03(10). Thus, the decision as to whether a defendant should be bound over for trial rests exclusively within the realm of the magistrate. *State v.*

---

[1] We use the term "magistrate" to identify the preliminary hearing judge as opposed to the trial judge.

*Hooper,* 101 Wis. 2d 517, 534, 305 N.W.2d 110, 118–19 (1981).

If the motion is a challenge to the bind over, the trial court's role is to review the evidence produced at the preliminary hearing to determine if it was sufficient to establish probable cause to believe that a felony has been committed and that the defendant probably committed it. *Id.* at 537, 305 N.W.2d at 120. In this regard, a trial court has the same standard of review as an appellate court. *State v. Fouse,* 114 Wis. 2d 29, 34–35, 337 N.W.2d 837, 839–40 (Ct. App. 1983). Therefore, the court is restricted to examining the evidence to discover whether there was any substantial ground for the exercise of judgment by the magistrate. *State ex rel. Funmaker v. Klamm,* 106 Wis. 2d 624, 629, 317 N.W.2d 458, 461 (1982). "When the reviewing court has discovered that there is competent evidence for the judicial mind of the examining magistrate to act on in determining the existence of the essential facts, it has reached the limit of its jurisdiction and cannot go beyond that and weigh the evidence." *Id.* quoting *State ex rel. Huser v. Rasmussen,* 84 Wis. 2d 600, 606, 267 N.W.2d 285, 289 (1978) (citations omitted).

Where the challenge, however, is not to the bind over decision but to the *specific charge* recited in the information, the trial court's review is only to the question of whether the district attorney abused his or her discretion by issuing a charge "not within the confines of and 'wholly unrelated' to the testimony received at the preliminary examination." *Hooper* at 537, 305 N.W.2d at 120. This is because the district attorney is the authority who examines all of the facts and circumstances revealed at the preliminary examination and files an information according to the evidence. Sec. 971.01(1),

Stats. It is the district attorney who is given the power to decide which charges are to be filed. *Whitaker v. State,* 83 Wis. 2d 368, 373, 265 N.W.2d 575, 578 (1978). Wisconsin law clearly demonstrates that after the bind over, the district attorney, in the proper exercise of his or her quasi-judicial prosecutorial discretion, is entrusted with the responsibility of formulating a specific charge "within the confines of and not wholly unrelated to the transaction or facts considered or testified to at the preliminary examination." *Hooper* at 535–36, 305 N.W.2d at 119. It is an abuse of discretion on the part of the district attorney to charge when the evidence is clearly insufficient to support a conviction. *Thompson v. State,* 61 Wis. 2d 325, 330, 212 N.W.2d 109, 111 (1973).

We must, therefore, ascertain the nature of the challenge presented by the defendant's motion to dismiss. Huff moved to dismiss the action pursuant to secs. 971.31(2) and 971.01(1), Stats., "on the grounds that the evidence presented at the preliminary examination does not support a finding that the defendant probably committed a crime." Although this appears to be a challenge to the bind over, the trial court reviewed each of the specific charges contained in the information. At oral argument, defense counsel asked us to reach both the actions of the magistrate in binding Huff over for trial and the actions of the district attorney in charging Huff. Because Huff's trial court motion went to one issue and the trial court reached another issue and because there is no objection by the state, we will deal with each of these challenges.

In attacking the bind over decision, Huff argues that certain elements essential for prosecuting an action under sec. 944.32, Stats., are lacking. First, he maintains that sec. 944.32 contemplates the solicitation of

sexual activity with a third party. Huff claims sec. 944.32 does not apply to situations where the solicitor is also the person benefiting from the prostitute's services. Second, Huff argues that because he did not receive any commercial or monetary gain from the females, the evidence was insufficient to charge him with the felony. At best, Huff asserts the evidence introduced at the preliminary hearing would support only misdemeanor prostitution charges under sec. 944.30, Stats.[2] We disagree.

Section 944.32, Stats., states:

Whoever intentionally solicits or causes any person to practice prostitution or establishes any person in a place of prostitution is guilty of a Class D felony. If the person is under the age of 18, the defendant is guilty of a Class C felony.

The primary source of statutory construction is the language of the statute itself. *Bitters v. Milcut, Inc.*, 117 Wis. 2d 48, 49, 343 N.W.2d 418, 419 (Ct. App. 1983). The statute does not specify, as it could have, that the solicitation must be for an act to be performed *with another*. In fact, prostitution is defined in a sister statute, sec. 944.30, Stats. There, prostitution is said to include having, offering to have or requesting to have nonmarital sexual intercourse for any thing of value. Sec. 944.30 (1). A logical reading is that "prostitution" includes situations where a person asks another to provide sexual services to himself or herself for a fee. Unless a statute is unclear or ambiguous, the legislative intent must be found by giving the language its ordinary and accepted meaning. *Kearney & Trecker Corp. v. Department of Revenue*, 91 Wis. 2d 746, 753, 284 N.W.2d

---

[2] Section 944.30, Stats., provides in part:

PROSTITUTION. Any person who intentionally does any of the following is guilty of a Class A misdemeanor:

(1) Has or offers to have or requests to have nonmarital sexual intercourse for any thing of value.

61, 64 (1979). As this statute's emphasis is to curtail the recruitment of males and females into the practice of providing sex for a fee, the focus is on the recruiter or solicitor and does not hinge on whether the solicitor wants the recruit to have sex with some third party. Although we acknowledge the cases cited by the defendant in his brief, the fact that the other reported Wisconsin cases dealing with this statute all involved factual situations in which the defendant solicited women to have sexual relations with a third party does not alter our conclusion.

Regarding Huff's second assertion that the exploitation of sex must be for the solicitor's profit or financial gain, again there is no language in this statute which suggests or implies that a commercial purpose is necessary to sustain a conviction. If the legislature had intended monetary gain to be an element of the crime, it would have been an easy task for it to do so. *See generally* Annot., 3 A.L.R. 4th 1196–97 (1981). The plain meaning of the statute reveals that monetary gain is not an element of the crime. Accordingly, Huff's attack on the bind over fails.

We next examine the trial court's action in amending nine specific charges. The trial court, in its decision, found as to these nine charges that the preliminary examination testimony would not sustain a felony charge. The court then took an additional step and amended these charges to misdemeanors. During oral argument, both parties conceded that the trial court lacked the authority to amend these charges. As previously explained, the trial court's review on this issue is limited to whether the district attorney abused his or her discretion. If the court finds insufficient evidence to sustain a felony charge, it has the power only to dismiss the charge, not amend it. The court may, of course, suggest

to the district attorney that the charge be amended, but the court cannot amend on its own. We must, therefore, reverse the portion of the trial court's decision which amended the charges. On remand, the court must either dismiss the charges or let them stand as felonies. If the district attorney wishes, he or she may amend the charges but that is his or her prerogative.

The attorney general has conceded that the trial court correctly assessed the merits in eight of these counts and has advised the district attorney to amend these eight charges to misdemeanor prostitution upon remand. The attorney general asserts, however, that the trial court incorrectly assessed one of the counts. Therefore, we will consider the merits of this disputed charge.

The testimony of J.C.V., a female minor, was introduced at the preliminary hearing. J.C.V. testified that in the fall of 1982 she heard from friends that Huff would pay young girls for sex. In September of 1983, she had a friend take her to Huff's place of business. J.C.V. testified that Huff then drove the two of them to his home where he informed her that he paid "$50 for the first time that they have intercourse with him and $25 every time after that." He also informed her that he would pay her $25 if she would pose for nude pictures. J.C.V. then engaged in sexual intercourse with Huff. Afterwards, Huff drove her back to school. At that time, he gave her $50 in cash and "asked me to call him again and he would like to see me again."

Huff argued, and the trial court agreed, that sex for money on only one occasion does not constitute soliciting a person to *practice* prostitution. Support for this view is obtained from our decision in *State v. Johnson,* 108 Wis. 2d 703, 711–12, 324 N.W.2d 447, 451 (Ct. App. 1982). This court analyzed sec. 944.32, Stats., in light of the dictionary definition of "practice"—"to do or perform often, customarily or habitually." *Id.* From this definition, we held that sec. 944.32 proscribes inducing a person to engage in ongoing criminal conduct.

*Id.* at 712, 324 N.W.2d at 451. We differentiated this conduct with that of an individual who repeatedly engages in prostitution-related acts, concluding that "[i]t is reasonable for the state to punish solicitation of repeated acts of prostitution more severely than it punishes one act of prostitution. An individual who repeatedly commits prostitution can be charged with multiple counts under sec. 944.30, Stats." *Id.* The trial court agreed with Huff's assertion that the facts in this charge amounted to only one act.

[9]

The conversations between J.C.V. and Huff indicate, however, that future contacts were solicited. Huff not only informed her of his $25 future payment schedule, he specifically indicated he wanted her to call him again and that he would like to see her on an ongoing basis. The testimony indicates that Huff was soliciting J.C.V. to engage in sexual activity on a habitual basis. This is sufficient to sustain the felony charged in the information. That count, therefore, must remain as it is.

Huff raises two issues of his own regarding the trial court's disposition of the nine felony counts. First, he claims that he should have been charged with one felony —not nine. He argues that we must consider the entire sequence of events. If he is guilty of soliciting at all, he claims it is in the act of establishing a network of Kettle Moraine High School girls to prostitute themselves for him. Huff theorizes that his action in forming an association of girls from one high school to commit prostitution is one transaction. Second, he attacks the sufficiency of evidence as to all of the felony counts, including those counts upheld by the trial court. As one argument, he claims the girls, on occasion, solicited him —not the other way around.

In spite of the dubious merit of these issues, we cannot reach them now because there was no cross-appeal. A

respondent may raise an issue in his brief without filing a cross-appeal "when all that is sought is the raising of an error which, if corrected, would sustain the judgment . . . ." *Auric v. Continental Casualty Co.*, 111 Wis. 2d 507, 516, 331 N.W.2d 325, 330 (1983), quoting *State v. Alles*, 106 Wis. 2d 368, 390, 316 N.W.2d 378, 388 (1982). If the respondent seeks modification of an order entered in a proceeding from which the appellant appealed, the respondent must file a notice of cross-appeal. Rule 809.-10(2)(b), Stats. Because Huff is seeking a modification of the trial court's decision as to the remaining seven felony counts, the issues cannot be raised for the first time in briefs on appeal without having filed a cross-appeal.

In the state's petition for leave to appeal the nonfinal order, the following heading appeared in the statement of the issues section:

A. Whether the testimony and evidence adduced at the preliminary hearing held on February 27 and 28, 1984 was sufficient to support the bindoever on all 16 counts contained in the Information.

The body of the petition made clear, however, that the state was requesting leave to appeal only as to those counts which were amended by the trial court. This is consistent with the function of the appellate process which is to allow review on matters decided adverse to the appellant and favorable to the respondent. *See* sec. 809.10(4), Stats.

Huff claims he "joined" in the state's request to review the sufficiency of the evidence and, therefore, no cross-appeal was necessary. Huff is incorrect. Section 809.10 (2)(a), Stats., allows appellants whose interests are *substantially identical* to proceed jointly. *See* 1978 Judicial Council Committee's Note to sec. 809.10(2)(a). Huff's interests are adverse to those of the state; he is

seeking a modification of the decision that is distinct from the modification the state is requesting. In order to address Huff's challenges, a cross-appeal was required. Therefore, we will not consider these issues.

Finally, we turn to the issues of joinder and severance. The trial court considered both the state's joinder motion and the defendant's severance motion at the same time and held that the substantial amount of testimony could confuse the jury. Further, the court found that presenting testimony of all counts at the same trial could prejudice the jury and might cause them to find guilt on counts not proven beyond a reasonable doubt. Consequently, the court first ordered the joinder of multiple counts if they involved the same girl. It then ordered a limited joinder of the remaining counts, holding that no more than three charges, whether misdemeanors or felonies, may be included in any one amended information. The state appeals this partial severance.

In considering a motion for severance, the trial court must determine what, if any, prejudice might be placed on the defendant in a trial where charges have been joined. *See* sec. 971.12(3), Stats. The court must then balance this potential prejudice against the interests of the public in conducting a joint trial on the multiple counts. *State v. Bettinger*, 100 Wis. 2d 691, 696, 303 N.W.2d 585, 588 (1981). This balancing of interests involves an exercise of discretion, and a reviewing court will affirm the trial court's decision absent an abuse of that discretion. *Id.* A discretionary determination will be affirmed if there is any reasonable basis for it. *Littmann v. Littmann*, 57 Wis. 2d 238, 250, 203 N.W.2d 901, 907 (1973).

The trial court properly exercised its discretion in this case. The selection of three as the maximum num-

ber of counts to be tried in any one trial is proportional to the maximum number of charges involving any one victim. The court also considered the possible confusion of issues and facts by the jury and the severe risk of prejudice to the defendant should all the counts be tried simultaneously. These are proper factors for a trial court to consider when exercising its discretion. We will not disturb its determination.

*By the Court.*—Order affirmed in part; reversed in part and cause remanded with directions.