State of Wisconsin, Plaintiff-Respondent,
v.
Jovan T. Mull, Defendant-Appellant.
No. 03-2254.
Court of Appeals of Wisconsin.
Opinion Filed: August 26, 2004.
Before Vergeront, Lundsten and Higginbotham, JJ.
¶1 PER CURIAM.
Jovan Mull appeals an order denying his motion for postconviction relief under WIS. STAT. § 974.06 (2001-02).[1] Mull contends that trial counsel performed ineffectively by failing to object to the admission of prior bad act evidence and the trial court erred in denying his severance motion. We affirm for the reasons discussed below.

BACKGROUND
¶2 Mull was charged with three counts of first-degree recklessly endangering safety by use of a dangerous weapon, as an habitual offender, based on allegations that he fired shots at a car with Anthony Poindexter, Poindexter's girlfriend and Poindexter's son inside. The State subsequently filed an additional complaint charging Mull with intimidation of a victim as an habitual offender. The cases were joined over Mull's objection.
¶3 At the preliminary hearing for the victim intimidation charge, Poindexter testified that Mull came by Poindexter's house several times after the incident, saying he was sorry and offering to pay for the damages to Poindexter's car. Mull also said he didn't want to go back to jail for something he had already done, and that if Poindexter didn't "squash" his complaint, Mull "was going to take it in his own hands." Portions of Poindexter's preliminary hearing testimony were read to the jury because he died prior to trial.
¶4 Poindexter's girlfriend also testified at trial that Mull had come by their house several times after the incident, saying that he never intended for it to go that far, that he was sorry and wanted them to forgive him, that he wanted to compensate them for the car and the windows, that he didn't want to go back to jail and would leave town if they were going to press charges, and that if things didn't go his way, he was going to take it up on his own way again.

DISCUSSION
¶5 The State first argues that Mull is procedurally barred from raising ineffective assistance and severance claims at this juncture because he failed to provide a sufficient reason why he did not raise them on his first appeal. See WIS. STAT. § 974.06(4); State v. Escalona-Naranjo, 185 Wis. 2d 168, 185, 517 N.W.2d 157 (1994). Mull asserts, as he did in the trial court, that postconviction counsel performed ineffectively by refusing to raise these issues on direct appeal, despite Mull's request that he do so. Because an assessment of appellate counsel's performance would encompass an analysis of the merits of the issues, we will simply address Mull's claims directly.
¶6 In order to obtain a hearing on a postconviction motion, a defendant must allege sufficient material facts to entitle him to the relief sought. See State v. Allen, 2004 WI 106, ¶36, ___ Wis. 2d ___, 235 N.W. 55. The facts Mull alleged in his motion were insufficient to establish that he had been denied effective assistance of counsel or that the charges against him should have been severed.

Ineffective Assistance of Counsel
¶7 The trial court ruled before trial that the State would be barred from presenting any prior bad act evidence regarding Mull's prior convictions on drug charges. Mull appears to argue that the testimony from Poindexter and his girlfriend that Mull had told them he didn't want to go back to jail constituted prior bad act evidence in violation of the trial court's ruling since it implied that Mull had a prior conviction. Consequently, Mull maintains, trial counsel performed ineffectively by failing to object to the testimony.
¶8 Even assuming for the sake of argument that the testimony was inadmissible, Mull cannot show that he was prejudiced by counsel's failure to object to it. See State v. Swinson, 2003 WI App 45, ¶58, 261 Wis. 2d 633, 660 N.W.2d 12, review denied, 2003 WI 126, 205 Wis. 2d 417, 668 N.W.2d 557 (Wis. July 9, 2003) (No. 02-0396-CR), (In order to show prejudice, the defendant must demonstrate that counsel's errors were serious enough to render the resulting conviction unreliable.). Given the eyewitness testimony of the victims, one of whom knew Mull fairly well prior to the incident, we see no reasonable probability that the jury would have reached a different verdict if testimony regarding Mull's comments about his desire to avoid going back to jail had been excluded.

Severance
¶9 WISCONSIN STAT. § 971.12(4) permits the joint trial of related charges that could have been brought together in a single complaint. The trial court should weigh any potential prejudice against the defendant against the public interest in consolidation. See State v. Huff, 123 Wis. 2d 397, 409, 367 N.W.2d 226 (Ct. App. 1985).
¶10 Mull claims that he was prejudiced by the joinder because the testimony about his statements to Poindexter and his girlfriend after the incident were admissible only with respect to the victim intimidation charge. He provides no legal authority that supports that contention, however, and we are satisfied that the trial court properly determined the evidence would have been admissible at both trials. Therefore, the cases were properly joined.
By the Court.  Order affirmed.
NOTES
[1] All references to the Wisconsin Statutes are to the 2001-02 version unless otherwise noted.