PER CURIAM.
¶1 Desmond Marques Manns appeals from a judgment, entered upon a jury's verdict, convicting him on one count of possession of a firearm by a felon. He also appeals from an order denying his postconviction motion without a hearing. Manns contends that he did not make a valid jury waiver on the element of his prior conviction and that he received ineffective assistance from trial counsel. We reject Manns's contentions and affirm the trial court.
BACKGROUND
¶2 Police responded to a shots-fired complaint near a high school. One officer spotted a person matching the suspect's description. As police pursued the suspect, who was later identified as Manns, the suspect threw something into a yard. The discarded item, which police later retrieved, was a handgun. Manns was arrested and charged with one count of possession of a firearm by a felon.
¶3 Prior to a jury trial, Manns entered three stipulations with the State. The first stipulation was that Manns had a prior felony conviction, an element of possession of a firearm by a felon. See WIS JI-CRIMINAL 1343. The second stipulation was that a fingerprint found on the gun belonged to someone else. The third stipulation was that, according to forensic tests, shell casings recovered from the shots-fired location came from the recovered weapon. Following trial, the jury convicted Manns.
¶4 Manns then filed a postconviction motion. He first alleged that the trial court had failed to find that he knowingly, intelligently, and voluntarily waived his right to a jury determination of whether he was a felon. He also alleged that trial counsel was ineffective for counseling him to enter the stipulations regarding the fingerprint and the shell casings. The trial court denied the motion without a hearing. Manns appeals.
DISCUSSION
I. Stipulation v. Waiver
¶5 Manns's first issue on appeal relates to his stipulation to the fact of his prior felony. He reasons that, because the jury was instructed to consider the fact conclusively proven, the trial court should have conducted a colloquy regarding jury waiver.
¶6 This issue is controlled by State v. Benoit , 229 Wis. 2d 630, 600 N.W.2d 193 (Ct. App. 1999). If a defendant stipulates to an element, but the jury is instructed on all of the elements with the court playing no role as fact-finder, the defendant has received a jury trial on all elements, and a waiver colloquy is not required. See id. at 637-38. By contrast, where the trial court itself answers the question of whether an element has been proven, taking the matter away from the jury, an error has been committed absent a proper jury waiver for which a colloquy should be conducted. See State v. Smith , 2012 WI 91, ¶¶18, 53-57, 342 Wis. 2d 710, 817 N.W.2d 410.
¶7 Manns does not dispute that his case is more like Benoit than Smith . That is, Manns stipulated to an element and the jury was properly instructed thereon; the trial court itself made no factual findings. His argument on appeal is that we should "re-examine the law regarding stipulations and jury waivers because the distinction as it currently stands is unsound in principle and unworkable in practice."
¶8 Even if we agreed with Manns, we cannot overrule Benoit ; only our supreme court may "overrule, modify or withdraw" language from a published court of appeals decision. Cook v. Cook , 208 Wis. 2d 166, 188, 560 N.W.2d 246 (1997). Moreover, our supreme court itself has acknowledged and confirmed the distinctions between stipulating to a fact and a partial jury waiver. See Smith , 324 Wis. 2d 710, ¶57; see also State v. Warbelton , 2009 WI 6, ¶49, 315 Wis. 2d 253, 759 N.W.2d 557. Assuming we could revisit Benoit , we are not empowered to overrule our supreme court's decisions on the subject.
¶9 Manns did not waive trial on an element of his offense. Rather, he stipulated to a fact. Thus, under Benoit , a waiver colloquy was not required.
II. Ineffective Assistance of Trial Counsel
¶10 Manns also argues that trial counsel was ineffective for encouraging the stipulations regarding the fingerprint and the shell casings.[1] To demonstrate ineffective assistance of counsel, "the defendant must prove (1) that trial counsel's performance was deficient; and (2) that this deficiency prejudiced the defendant." See State v. Dillard , 2014 WI 123, ¶85, 358 Wis. 2d 543, 859 N.W.2d 44. An attorney is deficient if he or she "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." State v. Allen , 2004 WI 106, ¶26, 274 Wis. 2d 568, 682 N.W.2d 433 (citations omitted). Prejudice is "defined as a reasonable probability that, but for counsel's error, the result of the proceeding would have been different." State v. Guerard , 2004 WI 85, ¶43, 273 Wis. 2d 250, 682 N.W.2d 12. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. The movant must prevail on both prongs to secure relief. See Allen, 274 Wis. 2d 586, ¶26.
¶11 "A hearing on a postconviction motion is required only when the movant states sufficient material facts that, if true, would entitle the defendant to relief." Id. , ¶14. The trial court has the discretion to deny "even a properly pled motion ... without holding an evidentiary hearing if the record conclusively demonstrates that the defendant is not entitled to relief." State v. Sulla , 2016 WI 46, ¶30, 369 Wis. 2d 225, 880 N.W.2d 659. A trial court's discretionary decisions are reviewed for an erroneous exercise of that discretion, a deferential standard. See id. , ¶23.
¶12 Manns complains that the way in which the stipulation on the fingerprint was written "created a danger of unfair prejudice and confusion" because it specified that the lone fingerprint belonged to someone named Deandre Manns, which would have led the jury to question "whether or not Desmond Manns and Deandre Manns were related" and "the jury would have likely found that it was simply too much of a coincidence for Mr. Desmond Manns to have been arrested [for] a gun that was previously possessed by someone with the same last name."[2] Manns further complains that the stipulation regarding the shell casings "was irrelevant and its admission at trial created a danger of unfair prejudice that substantially outweighed any probative value" because it implied to the jury that Manns was responsible for the shots fired, even though he was not charged for any offenses related to discharge of the gun.
¶13 The trial court determined that there was no prejudice shown from a stipulation that someone else's prints were on the gun, noting it was "speculative to suggest that the jury would have been led to believe that [Manns] was involved in the shots fired complaint by the stipulation." The trial court also concluded there was no prejudice because there is "no reasonable probability that [the stipulations] affected the outcome of trial": officers testified about responding to the shots fired complaint, Manns fleeing when police activated their squad lights, seeing Manns toss something over a fence, and recovering a firearm, much of which was corroborated by a dash cam video.
¶14 We agree generally with the trial court. Both stipulations were consistent with the defense theory that Manns did not have the gun. The significance of Deandre Manns's print is, of course, that it did not belong to defendant Manns. Further, defense counsel argued to the jury that the person who fired the gun was the one who possessed it and left it in the yard, then tried to show why it could not have been the defendant Manns who tossed the gun into the yard. Thus, we are unpersuaded that trial counsel was deficient for encouraging Manns to enter the stipulations.
¶15 But even if encouraging Manns to enter the stipulations was deficient, the record clearly establishes no prejudice. First, it is simply speculative to suggest that the jury, hearing the fingerprint on the gun belonged to another person named Manns, would convict this Manns on that ground. "A criminal defendant who claims ineffective assistance of counsel cannot ask the reviewing court to speculate whether counsel's deficient performance resulted in prejudice to the defendant's defense." State v. Wirts , 176 Wis. 2d 174, 187, 500 N.W.2d 317 (Ct. App. 1993).
¶16 Second, evidence of the casings being recovered near the shots-fired location would have been admissible generally to provide an overall context for events leading up to Manns's arrest, as the gun's firing is what led to police involvement. Evidence is admissible to complete the story of the crime on trial, even if the evidence involves other crimes. See State v. Bettinger , 100 Wis. 2d 691, 697, 303 N.W.2d 585 (1981) ; see also State v. Pharr , 115 Wis. 2d 334, 346-48, 340 N.W.2d 498 (1983). Additionally, while the State indicates that this was not an issue at trial, we observe that matching the gun to the casings demonstrates that the gun could not have been in the yard from which it was recovered for very long, greatly diminishing the possibility that Manns had discarded some other object while police were pursuing him.
¶17 Finally, as the trial court noted, the officers' testimony and supporting dash cam video clearly support the verdict, even without the stipulations. Again, the officers spotted Manns, who matched the description of the suspect they sought. When squad lights were activated, Manns fled. At least one officer observed Manns toss something into a yard. A gun was subsequently found where Manns had thrown the object.
¶18 Because the record demonstrates Manns is not entitled to relief, the trial court had discretion to determine whether to hold a hearing on the postconviction motion. See Sulla , 369 Wis. 2d 225, ¶30. We are not persuaded the trial court erroneously exercised that discretion.
By the Court. -Judgment and order affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b).5.

In his postconviction motion, Manns also alleged counsel was ineffective for failing to challenge certain police testimony. That argument is not re-raised on appeal.

It is unclear whether Manns and Deandre Manns are actually related.