STATE of Wisconsin, Plaintiff-Respondent,

v.

Karl R. NEUSER, Defendant-Appellant.

Court of Appeals

*No. 94–0758–CR. Submitted on briefs October 17, 1994.—Decided January 18, 1995.*

(Also reported in 528 N.W.2d 49.)

133

On behalf of the defendant-appellant, the cause was submitted on the briefs of *David D. Leeper* of Madison.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle*, attorney

general, and *Stephen W. Kleinmaier,* assistant attorney general.

Before Anderson, P.J., Brown and Nettesheim, JJ.

NETTESHEIM, J.  Karl R. Neuser appeals from a judgment of conviction for aggravated battery with a dangerous weapon as a repeat offender contrary to §§ 940.19(3), 939.62 and 939.63, STATS. Neuser argues · that he is entitled to a new trial because of the prosecutor's improper closing arguments to the jury and because the trial court misused its discretion in allowing the admission of other acts evidence. We affirm the trial court's evidentiary ruling. However, we conclude that a portion of the prosecutor's closing argument to the jury was improper and prejudiced Neuser's constitutional right to a fair trial. Therefore, we reverse the judgment of conviction in the interests of justice and remand for a new trial.

## BACKGROUND

The charges against Neuser resulted from an incident on July 31, 1992, when Neuser allegedly stabbed his girlfriend in the arm during an argument in the apartment the two shared. The issues at trial were whether the stabbing was accidental, whether Neuser used a dangerous weapon and whether Neuser intended to cause great bodily harm to the victim.

On appeal, Neuser contends that the prosecutor made three improper closing arguments: (1) telling the jury that the trial court was submitting a lesser-included offense only because Neuser asked for it, (2) drawing upon his own specialized expertise and relying on facts not in evidence, and (3) referring to Neuser's prior incarceration and encouraging the jury to infer

135

that the victim had reason to be afraid of Neuser because of his prior incarceration. As a further issue, Neuser contends that the trial court erred in admitting evidence of his conduct subsequent to the alleged battery.

## DISCUSSION

*Improper Closing Arguments by the Prosecutor*

Generally, counsel is allowed latitude in closing argument and it is within the trial court's discretion to determine the propriety of counsel's statements and arguments to the jury. *State v. Wolff,* 171 Wis. 2d 161, 167, 491 N.W.2d 498, 501 (Ct. App. 1992). We will affirm the court's ruling unless there has been a misuse of discretion which is likely to have affected the jury's verdict. *See State v. Bjerkaas,* 163 Wis. 2d 949, 963, 472 N.W.2d 615, 620 (Ct. App. 1991).

The line between permissible and impermissible argument is drawn where the prosecutor goes beyond reasoning from the evidence and suggests that the jury should arrive at a verdict by considering factors other than the evidence. *State v. Draize,* 88 Wis. 2d 445, 454, 276 N.W.2d 784, 789 (1979). The constitutional test is whether the prosecutor's remarks "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Wolff,* 171 Wis. 2d at 167, 491 N.W.2d at 501 (quoted source omitted). Whether the prosecutor's conduct affected the fairness of the trial is determined by viewing the statements in context. *Id.* at 168, 491 N.W.2d at 501. Thus, we examine the prosecutor's arguments in the context of the entire trial.

136

### 1. The Prosecutor's Statement Regarding Lesser-Included Offense

We first address that portion of the prosecutor's argument upon which our reversal is based. In rebuttal argument, the prosecutor made the following remarks concerning the lesser-included offense of battery which the trial court had ruled should be submitted to the jury: "As to the lesser-included offense, the court did not submit that. The defense requested that and the court granted the request. It's not the court ordering that it be done."

Neuser argues that the prosecutor's argument was improper because it suggested to the jury that the trial court was submitting the lesser-included offense only because Neuser had asked for it, not because the court had approved it. As such, Neuser contends that the jury was improperly invited to disregard the instruction.

The State correctly responds that Neuser has waived this issue because his counsel did not object to the prosecutor's argument. Alternatively, the State contends that the argument was proper. We will first address whether the argument was proper.

■
We hold that the prosecutor's argument regarding the lesser-included instruction was improper for two fundamental reasons: it misstated the law, and it presumed to speak for the trial court.

The law is well established as to how a trial court decides whether to submit a lesser-included offense. *See State v. Muentner,* 138 Wis. 2d 374, 387, 406 N.W.2d 415, 421 (1987). We will not repeat that process in detail. Suffice it to say that a court submits a lesser-included offense as the result of a careful judicial anal-

ysis of the evidence, not merely because the defendant requests the submission.

Here, the prosecutor's argument thoroughly misrepresented this process. Instead, the prosecutor improperly suggested to the jury that the lesser-included offense was submitted not because the trial court believed it was proper ("the court did not submit that. . ... It's not the court ordering that it be done."), but merely because Neuser asked for it ("The defense requested that and the court granted the request."). By this conduct, the prosecutor was able to portray the lesser-included offense as a mere bone cast to the defense by the court. At the same time, the prosecutor was able to imply that only the greater charge had received judicial approval.

This argument was an inaccurate portrayal of the law of lesser-included offenses. And, it was highly prejudicial because it drove an improper wedge between the lesser-included offense and the jury's ability to fairly consider it.

Aggravating this circumstance was the prosecutor's presumption to speak for the trial court on this matter. The question of whether a lesser-included offense is to be submitted is a legal issue which is resolved between the court and counsel. It does not involve the jury, and the proceedings relative to the question are not played out before the jury. With the court having made that decision, it is not within the province of either counsel to opine to the jury why the court may have chosen to do so. Rather, the role of counsel is to argue whether the evidence supports the greater, the lesser or neither charge.

In summary, the prosecutor presumed to speak for the trial court and then spoke incorrectly. The prosecutor is a prominent public authority figure in the eyes of

a jury. When that figure misrepresents the ruling of the trial court on a crucial matter for jury consideration and, in the same breath, appears to speak for the court on that matter, there can be little doubt that justice has miscarried.

Prosecutors are officers of the court and occupy a "quasi-judicial" office. *Sell v. Thompson & Coates, Ltd.,* 163 Wis. 2d 765, 775, 472 N.W.2d 834, 838 (Ct. App. 1991). A prosecutor's interest is not to "win a case, but [to see] that justice shall be done." *Viereck v. United States,* 318 U.S. 236, 248 (1943) (quoted source omitted). While a prosecutor "may strike hard blows, he [or she] is not at liberty to strike foul ones." *Id.* (quoted source omitted). We conclude that the prosecutor's improper arguments rose to such a level that Neuser was denied his due process right to a fair trial. *See Darden v. Wainwright,* 477 U.S. 168, 181 (1986).

The State also argues that the prosecutor's argument was a proper invited response to the following closing argument by Neuser's counsel:

> The court has submitted the included offense. Essentially, it allows you to find that on the third and fourth elements of the charged crime, they have not been met by the state beyond a reasonable doubt, that you could find him guilty of the simple battery.
> The court will instruct you that you cannot find him guilty of both. Your choices will be to find him guilty of the charged crime, simple battery, or find him not guilty. There will be three options.

We disagree with the State that this argument permitted or invited the State to make the rebuttal argument at issue. Unlike the State's rejoinder, Neuser's argument was an accurate statement regarding the jury's choices under the verdict. Nor did

Neuser's argument employ the reverse of the State's tactic by cloaking only the lesser charge with judicial approval.

We now turn to the question of waiver, although much of what we have already said governs this issue. Neuser concedes that the issue is waived. However, we may overlook waiver where the error is so plain or fundamental as to affect the substantial rights of the defendant. *See Vollmer v. Luety*, 156 Wis. 2d 1, 21 n.5, 456 N.W.2d 797, 806 (1990). We may grant a new trial in the interests of justice pursuant to § 752.35, STATS., where the real controversy has not been fully tried or there is a substantial degree of probability that a new trial will likely produce a different result. *State v. Von Loh*, 157 Wis. 2d 91, 102, 458 N.W.2d 556, 560 (Ct. App. 1990).

The real thrust of the prosecutor's message to the jury was that, while the greater charge was submitted as the result of judicial analysis and approval, the lesser charge had found its way into the verdict by default simply because Neuser had requested it. Thus, the prosecutor was able to argue that the jury should give short shrift to the lesser-included charge. This statement went unchecked not only by Neuser's counsel, but also by the trial court. We conclude that this was one of those rare instances where judicial intervention, even in the absence of an objection, was warranted. *See Viereck*, 318 U.S. at 248. Because the jury deliberated under this incorrect statement of the law and the misstatement was attributed to the court, it is likely that the jury never gave meaningful consideration to the *full* verdict.

We bear in mind that § 805.18(1), STATS., cautions: "The court shall, in every stage of an action, disregard any error or defect in the . . . proceedings which shall not affect the substantial rights of the adverse party." However, the prosecutor's remarks created a clear risk that the jury never seriously considered the lesser-included aspects of this case. Thus, Neuser did not receive a fair trial because the *full* controversy has not been fully tried. On this ground, we reverse and remand for a new trial.

### 2. Other Improper Argument Issues

Although our holding on the preceding issue does not require that we address Neuser's other improper argument claims, we nonetheless do so in the interests of completeness and because the issues may otherwise recur upon a new trial. *See State v. Williams,* 179 Wis. 2d 80, 88, 505 N.W.2d 468, 470 (Ct. App. 1993).

### a. Argument Based on Facts not in Evidence

Neuser argues that the prosecutor's argument was premised on facts not in evidence. During closing argument, the prosecutor told the jury:

> You will also have to find that he committed the crime while using a dangerous weapon. You will get the instruction on that. Is a knife a dangerous weapon? Sure it is. Is a gun a dangerous weapon? Sure it is. Knives and guns have legitimate purposes. . . .
>
> You may not know this, but police do have the danger of contact with dangerous weapons, and they have a kevlar or a bulletproof vest, and there is a range of 21 feet in which—[objection interrupts and is overruled] . . .. They talk about a danger zone

of 21 feet, and if they have their guns holstered, in that . . . distance, it's dangerous because someone can get to them with a knife in that distance before they can get their guns unholstered. Knives are dangerous weapons. People are killed with knives all the time.

Neuser objected to this line of argument. He contended that there was no evidence about Kevlar vests or a twenty-one foot danger zone. The trial court overruled Neuser's objection, ruling that the argument was proper because the prosecutor was "talking about a dangerous weapon." In denying Neuser's subsequent motion for mistrial, the trial court further observed that although the argument may have been improper, any error was harmless.

We agree with Neuser that the State's argument was improper. Not a shred of evidence spoke to Kevlar or bulletproof vests or a twenty-one foot danger zone used by police officers. "Argument on matters not in evidence is improper." *State v. Albright,* 98 Wis. 2d 663, 676, 298 N.W.2d 196, 203 (Ct. App. 1980).

■■
We agree, however, with the State and the trial court that the argument was harmless. The State apparently offered the argument on the issue of whether the knife used by Neuser was a dangerous weapon. There is little room for doubt in this case that the knife used by Neuser was a dangerous weapon. We are hard pressed to see how the improper argument related to that question under the facts of this case. Moreover, the content of the argument was not otherwise inflammatory or prejudicial to Neuser. Because the improper argument was irrelevant on a nonprejudicial matter, we conclude that it was harmless. Nonetheless, because the case is to be retried, we cau-

tion the prosecutor against use of facts not in evidence when arguing to the jury.

### b. Neuser's Prior Incarceration

Neuser's final contention is that the prosecutor's argument improperly alluded to his prior incarceration. In the rebuttal argument, the prosecutor brought out that Neuser had been previously incarcerated. This, according to the prosecutor, suggested that the victim harbored a fear about reporting the incident.[1]

Neuser claims that the reference to his prior incarceration was a violation of a pretrial agreement that his previous criminal record would not be placed before the jury. At the beginning of trial, the prosecutor indicated that he would not make any reference or attempt to elicit any evidence that Neuser had been convicted of a crime in the past. However, the prosecutor also stated, and the defense agreed, that the development of the evidence might require reference "to certain actions being taken or not being taken due to the defendant being in jail or not being in jail."

Indeed, that is what happened during trial. The victim had recanted her allegation against Neuser. Thus, it became necessary for the State to demonstrate that the victim had previously stated her fear of Neuser if he should be returned to prison as a result of her allegation. The prosecutor's argument did not violate any agreement between the parties. Moreover, Neuser himself introduced evidence of his prior incarceration during his cross-examination of the victim.

---

[1] The victim's credibility was challenged because she had not been forthright about the source of her injury until three months after the incident.

Thus, by the time of closing arguments, there had been several references to Neuser having been in prison prior to the stabbing. The prosecutor's reference in rebuttal argument to Neuser's prior incarceration was based on evidence of record.

We also reject Neuser's argument that this line of argument improperly implied that Neuser should be convicted or feared simply because he had previously been convicted of a crime. As noted, the prosecutor's argument was a legitimate response to an attack on the victim's credibility and explained why the victim had given conflicting versions of the event.

### Other Acts Evidence

The trial court permitted testimony by the victim that she received a telephone call shortly before trial and recognized Neuser's voice as the man who said, "We have been looking for you and it won't be long now."

This issue will not long detain us. This was not evidence of other acts pursuant to § 904.04, STATS., as contended by Neuser. Rather, it was admissible evidence of Neuser's consciousness of guilt. "It is generally acknowledged that evidence of criminal acts of an accused which are intended to obstruct justice or avoid punishment are admissible to prove a consciousness of guilt of the principal criminal charge." *State v. Bettinger,* 100 Wis. 2d 691, 698, 303 N.W.2d 585, 589, *and modified,* 100 Wis. 2d 691, 699a, 305 N.W.2d 57 (1981). Neuser's implied threat to the victim was evidence of a likely criminal act and highly probative of Neuser's consciousness of guilt. The evidence was therefore

admissible even in light of its substantial prejudice to Neuser.[2]

*By the Court.*—Judgment reversed and cause remanded.

---

[2] "Nearly all evidence operates to the prejudice of the party against whom it is offered." *State v. Johnson,* 184 Wis. 2d 324, 340, 516 N.W.2d 463, 468 (Ct. App. 1994).