STATE of Wisconsin, Plaintiff-Respondent,

v.

Michael R. BAUER, Defendant-Appellant.††

Court of Appeals

*No. 99–2589–CR. Submitted on briefs July 31, 2000.—Decided August 23, 2000.*

## 2000 WI App 206

(Also reported in 617 N.W.2d 902.)

††Petition to review dismissed.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Thomas K. Voss* of *Love, Voss, Murray & Goeschko* of Waukesha.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Sally L. Wellman,* assistant attorney general, and *James E. Doyle,* attorney general.

Before Brown, P.J., Nettesheim and Anderson, JJ.

¶ 1. BROWN, P.J. Michael R. Bauer was charged with attempted first-degree intentional homicide of his wife and attempted possession of an electric weapon. While in jail awaiting trial, he solicited the murder of his wife and a friend who were going to testify against him. During Bauer's trial, the judge allowed testimony regarding Bauer's attempted solicitation. The issue in this case is how the solicitation evidence should be categorized and whether it is admissible.

¶ 2. Bauer argues that the solicitation evidence was other acts evidence which was improperly admitted pursuant to WIS. STAT. § 904.04(2) (1997–98).[1] The State responds that the evidence was not other acts evidence, but rather was evidence of consciousness of guilt, which was properly admitted. Alternatively, the

---

[1] All references to the Wisconsin Statutes are to the 1997–98 version.

State argues that even if it was other acts evidence, it was properly admitted because it was offered to prove intent. The trial court held that the evidence was other acts evidence which was admissible because it was offered to prove intent or motive. We agree with the trial court that this evidence was admissible, but not because it was other acts evidence. Rather, it was admissible because it was evidence of a criminal act of the accused intended to obstruct justice or avoid punishment which can be used to prove consciousness of guilt.

¶ 3. We will relate the facts in a light most favorable to the jury verdict. *See Management Computer Servs. v. Hawkins, Ash, Baptie & Co.*, 206 Wis. 2d 158, 192, 557 N.W.2d 67 (1996). Bauer planned to electrocute his wife while she was sleeping on April 23, 1997, by placing her hands in handcuffs that were hidden above and behind her bed and were wired to carry an electrical current when activated. However, each of the three times he entered her bedroom to commit the crime, she woke up. The next day, Bauer ordered an electric weapon to assist him in killing his wife. A few days later, Bauer's wife discovered the handcuff device, informed the police and Bauer was subsequently charged with the crimes listed above.

¶ 4. At trial, Bauer's cell mate testified that in July 1997, while Bauer was in jail awaiting trial, Bauer told him that he wanted to hire someone to kill his wife so that she could not testify against him. Bauer also told his cell mate that he wanted someone to kill a friend of his who was going to testify against him. The cell mate informed the police of Bauer's plan. A police officer posing as an assassin met with Bauer on two occasions. Bauer attempted to hire the officer to kill his

wife, his friend and any witnesses, including children, who might be nearby, gangster style.

¶ 5. The trial court may admit or exclude evidence within its discretion. *See State v. Hereford*, 195 Wis. 2d 1054, 1065, 537 N.W.2d 62 (Ct. App. 1995). Even if the trial court applies a mistaken view of the law, we will not reverse if a proper legal analysis supports the trial court's conclusion. *See id.*

¶ 6. The categorization and admissibility of the evidence in this case is controlled by *State v. Neuser*, 191 Wis. 2d 131, 144, 528 N.W.2d 49 (Ct. App. 1995). In that case, shortly before trial, Neuser, who was accused of stabbing his girlfriend, called and threatened her. Neuser argued that evidence of this threat was inadmissible other acts evidence. But the *Neuser* court held that the evidence was not other acts. *See id.* "Rather, it was admissible evidence of Neuser's consciousness of guilt. It is generally acknowledged that evidence of criminal acts of an accused which are intended to obstruct justice or avoid punishment are admissible to prove a consciousness of guilt of the principal criminal charge." *Id.* (citation omitted).

¶ 7. Similarly, in this case, Bauer's attempt to solicit murder was intended to "obstruct justice [and] avoid punishment" and could be used to prove "consciousness of guilt." Bauer's solicitation of murder, which is much more extreme than Neuser's vague threats, indicates that like Neuser, Bauer was conscious of his guilt and probably suspected that both his wife and friend could provide compelling testimony as to his guilt. Because Bauer's attempt to solicit murder was a criminal act intended to obstruct justice and avoid punishment which demonstrates consciousness

of guilt, pursuant to *Neuser*, evidence related to it is not other acts evidence and is admissible.[2]

[2] We have noticed a trend in criminal cases where the State and the defense, and sometimes the trial courts, are quick to classify evidence as "other acts" evidence. Based on this supposition, the issue becomes whether the act fits or fails to fit within the criteria for admissibility pursuant to WIS. STAT. § 904.04(2). However, the trial bar and bench should note that simply because an act can be factually classified as "different"—in time, place and, perhaps, manner than the act complained of—that different act is not necessarily "other acts" evidence in the eyes of the law.

For example, in *State v. Johnson*, 184 Wis. 2d 324, 516 N.W.2d 463 (Ct. App. 1994) (Anderson, J., concurring), the State accused Johnson of battery and reckless endangerment of his former live-in girlfriend. Johnson tried to offer evidence to show that the former girlfriend fabricated the incident in order to misappropriate Johnson's possessions. Although we addressed the issue under the guise of an "other acts" analysis, we questioned whether evidence of the former girlfriend's acts of attempted misappropriation were properly considered other acts evidence because the evidence involved the same actors as the incident and went directly to Johnson's defense. *See id.* at 338–39. And Judge Anderson, concurring, was even more emphatic. He wrote that the evidence was not "other acts" evidence and that a "frame-by-frame" view of evidence was an inappropriate way to determine whether an "other acts" analysis is an order. *See id.* at 350.

Similarly in this case, even though the attempted murder occurred on April 23, 1997, and the solicitation for murder did not occur during the same time and at the same place, evidence of the solicitation is not considered other acts evidence. While the solicitation evidence undoubtedly is a "different" act than the attempted murder charge that was before the jury, the State did not seek to admit this "different" evidence to show a *similarity* between the other act and the charged offense. Rather, the State sought to introduce the solicitation evidence to show

691

¶ 8. By holding that the evidence in question is not other acts evidence and that it was properly admitted, we need not address Bauer's other three arguments. These arguments include that: the jury was improperly instructed regarding how to consider the evidence, Bauer's trial counsel was ineffective for failing to propose an adequate cautionary instruction regarding the other acts evidence and without the other acts evidence, the guilty verdict cannot be sustained.

*By the Court.*—Judgment affirmed.

Bauer's critical awareness, interest and concern about his guilt to the very charge before the jury. When the State or the defense offers a "different" act to show a similarity between that other act and the act complained of, then it is properly termed "other acts evidence" and the court should proceed pursuant to WIS. STAT. § 904.04(2). *See State v. Sullivan*, 216 Wis. 2d 768, 786–87, 576 N.W.2d 30 (1998). But the first question the lawyers and the trial court should ask is "what is the purpose of the State's intention to admit the evidence?" If it is not to show a similarity between the other act and the alleged act, then perhaps the parties should entertain the question of whether it is "other acts" evidence at all.