# COURT OF APPEALS
## DECISION
## DATED AND FILED

## May 27, 2020

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

| | |
|---|---|
| **Appeal No. 2019AP464-CR** | Cir. Ct. No. 2016CF1413 |
| **STATE OF WISCONSIN** | **IN COURT OF APPEALS**<br>**DISTRICT I** |

STATE OF WISCONSIN,

      PLAINTIFF-RESPONDENT,

   V.

ROBERTO CORNEJO,

      DEFENDANT-APPELLANT.

APPEAL from a judgment and an order of the circuit court for Milwaukee County: MARK A. SANDERS, Judge. *Affirmed*.

Before Brash, P.J., Dugan and Donald, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM.   Roberto Cornejo appeals the judgment convicting him of two counts of first-degree sexual assault of a child.   *See* WIS. STAT. § 940.225(1)(d) (1985-86).[1]   He also appeals the order denying his postconviction motion.   We reject each argument Cornejo makes on appeal and, accordingly, affirm the judgment and order.

## I.  BACKGROUND

¶2     According to the criminal complaint, in 1985, Cornejo sexually assaulted his eleven-year-old niece on two separate occasions.   The victim became pregnant and had an abortion.

¶3     Trial testimony revealed that Cornejo lived with the victim and her family at the time of the assaults.   After the victim learned she was pregnant, but prior to her abortion in April 1985, Cornejo went to Mexico.   The following month, the State issued a felony warrant for his arrest.   Thirty-one years later, Cornejo was arrested in Texas and extradited to Wisconsin.   A jury found him guilty of two counts of first-degree sexual assault of a child.

¶4     Cornejo filed a postconviction motion.   He argued that his trial counsel was ineffective in the following ways:  (1) for failing to properly investigate why he left Wisconsin and ultimately relocated to Michigan; (2) for failing to object to the introduction of the victim's medical records showing that she was pregnant and had an abortion when she was eleven; and (3) for failing to object to what he believes was the prosecutor's improper use of the victim's medical records during her closing argument.   Cornejo additionally argued that the prosecutor's use of the

---

[1] All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

victim's medical records during her closing argument was plain error and that he should be granted a new trial in the interest of justice. The circuit court rejected Cornejo's arguments without holding an evidentiary hearing.

¶5 Cornejo renews his postconviction claims on appeal. We provide additional background information as needed below.

## II. DISCUSSION

¶6 We begin by addressing Cornejo's claims that his trial counsel was ineffective. To establish ineffective assistance, a defendant must demonstrate: (1) that counsel's performance was deficient; and (2) that the deficient performance was prejudicial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In order to establish deficient performance, Cornejo must identify trial counsel's specific acts or omissions that fell "outside the wide range of professionally competent assistance." *See id.* at 690. To demonstrate prejudice, Cornejo must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *See id.* at 694. If Cornejo fails to satisfy one prong of the *Strickland* test, we need not consider the other. *See id.* at 697.

¶7 A circuit court may deny a postconviction motion alleging ineffective assistance of counsel without a hearing "if the defendant fails to allege sufficient facts in his or her motion, if the defendant presents only conclusory allegations or subjective opinions, or if the record conclusively demonstrates that he or she is not entitled to relief." *State v. Phillips*, 2009 WI App 179, ¶17, 322 Wis. 2d 576, 778 N.W.2d 157. We review *de novo* whether a motion entitles a defendant to an evidentiary hearing or whether a court has the discretion to deny the motion without

3

a hearing. *See State v. Jacobs*, 2012 WI App 104, ¶24, 344 Wis. 2d 142, 822 N.W.2d 885.

### A. Cornejo was not entitled to an evidentiary hearing on his claim that trial counsel was ineffective for failing to investigate why he left Wisconsin.

¶8 Cornejo's first claim is that his trial counsel was ineffective for failing to investigate why he left Wisconsin and eventually settled in Michigan. In the affidavit he filed in support of his postconviction motion, Cornejo averred that his brother filed a petition on his behalf with the then-Immigration and Naturalization Service so that Cornejo could become a resident alien. Cornejo further averred that he had to leave the United States to complete the process. According to Cornejo, he asked trial counsel to talk to his wife and his brother about this, but trial counsel did not do so. Without this information, Cornejo argues that the jury was left with the impression that he fled in order to avoid arrest.

¶9 During trial, Cornejo testified that he left the United States in order to clear up his immigration status, and he relocated to Michigan because there was more work for him there. Cornejo submits that the testimony of his brother and his wife would have corroborated this version of events. Cornejo did not, however, submit affidavits from his brother or his wife with his postconviction motion. Instead, we are left only with Cornejo's assertion that if trial counsel had presented his brother's and wife's testimony, the jury would not have been left with the impression that he fled because of the charges against him. Cornejo's conclusory assertion is insufficient to show any prejudice from the deficiency he alleges.

¶10 In addition to the victim's own testimony detailing the assaults, the victim's sister testified that she and the victim were afraid to tell their parents about what Cornejo had done to the victim. At trial, the State also presented medical

records showing that the victim had an abortion when she was eleven years old, and the victim's mother testified that Cornejo left Wisconsin days before the abortion procedure. In addition, a detective testified that Cornejo used aliases after he left Wisconsin. Therefore, even if Cornejo's brother and wife had provided corroborating testimony, there is not a reasonable probability that it would have changed the outcome of the trial in light of the other overwhelming evidence of Cornejo's guilt. *See **Strickland***, 466 U.S. at 694; *see also **United States v. Jackson***, 935 F.2d 832, 845-46 (7th Cir. 1991) (counsel is not ineffective for failing to introduce cumulative evidence). The record conclusively demonstrates that Cornejo is not entitled to relief on this basis. *See **Phillips***, 322 Wis. 2d 576, ¶17.

### B. Cornejo was not entitled to an evidentiary hearing on his claim that trial counsel was ineffective for failing to object to the admission of the victim's medical records.

¶11    Next, Cornejo argues that trial counsel was ineffective for failing to object to the introduction of the victim's medical records showing that she was pregnant and had an abortion. He claims that trial counsel should have objected on grounds that the medical records lacked probative value and were unfairly prejudicial under WIS. STAT. § 904.03. Cornejo additionally contends that the medical records were cumulative given that the victim testified to having been pregnant and having an abortion.

¶12    In its decision denying Cornejo's postconviction motion, the circuit court determined, and we agree, that even though the victim testified about getting pregnant and having an abortion, the medical records were probative of when conception occurred. The circuit court further stated that even if trial counsel had objected to the records as unduly prejudicial, the court would have overruled the

objection. Counsel is not deficient for failing to lodge a meritless objection. *See, e.g.*, *State v. Allen*, 2017 WI 7, ¶46, 373 Wis. 2d 98, 890 N.W.2d 245.

¶13 Cornejo contends that at the very least, his trial counsel should have requested a limiting instruction. He does not, however, develop an argument in this regard. Accordingly, we will not consider it further. *See State v. Pettit*, 171 Wis. 2d 627, 647, 492 N.W.2d 633 (Ct. App. 1992) (explaining that we generally do not address undeveloped arguments).

**C. Cornejo was not entitled to an evidentiary hearing on his claim that trial counsel was ineffective in not objecting during the prosecutor's closing argument.**

¶14 Cornejo's last claim of ineffective assistance of trial counsel is that trial counsel should have objected during the prosecutor's closing argument. Specifically, he challenges the prosecutor's statement that the medical records identified Cornejo as the abuser and argues that the use of the records in this manner was not permissible under the rules of evidence.

¶15 During her closing argument, the prosecutor said: "And then see the note from April 3rd of 1985 that confirmed the pregnancy. Not only did that note from April 3, 1985 confirm that she was 11 weeks pregnant, but it also says, alleged abuse by uncle." According to Cornejo, trial counsel should have objected to this statement on grounds that the identity of the perpetrator was a fact solely for the jury to decide or because it was hearsay.

¶16     The State argues that the records were admissible under WIS. STAT. § 908.03(4) as statements made for the purposes of medical diagnosis or treatment.[2] In *State v. Nelson*, 138 Wis. 2d 418, 433-34, 406 N.W.2d 385 (1987), hearsay statements of a four-year-old sexual assault victim identifying her father as her assailant were admissible under § 908.03(4), as statements made for the purposes of diagnosis and treatment, in testimony given by a psychologist who had treated the child. The *Nelson* court noted that even a child as young as three or four years of age understands statements made to a physician or psychologist will be used to ease the child's physical and emotional or psychological pain. *Id.*, 138 Wis. 2d at 432. The court further stated, "while treatment of a physical injury would rarely require disclosure of the identity of the assailant, it is recognized that disclosure of the identity of the assailant is reasonably necessary to provide treatment for a victim of child abuse." *Id.* at 433-34.

¶17     Applying the holding in *Nelson*, we conclude that the information in the medical records—including that the victim identified her uncle as the abuser—was pertinent to the making of a diagnosis consistent with the victim's condition as a child who had been sexually assaulted. Given that the records were admissible, trial counsel was not deficient for failing to object. *See Allen*, 373 Wis. 2d 98, ¶46. Moreover, because the medical records merely repeated the victim's own testimony that Cornejo sexually assaulted her, there is not a reasonable probability that the outcome of the trial would have been different had trial counsel objected to the

---

[2] WISCONSIN STAT. § 908.03(4) provides that the following are not excluded by the hearsay rule, even though the declarant is available as a witness: "Statements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment."

prosecutor's reference to the medical records during her closing argument. *See Strickland*, 466 U.S. at 694.

**D. There was no plain error.**

¶18 Alternatively, Cornejo argues that the prosecutor engaged in misconduct when she referenced the medical records during her closing argument to bolster the victim's identification of Cornejo as the person who abused her. Cornejo contends that the prosecutor "inject[ed] unfairly prejudicial and inadmissible hearsay into the proceedings," which amounted to plain error.

¶19 "The plain error doctrine allows appellate courts to review errors that were otherwise waived by a party's failure to object." *State v. Jorgensen*, 2008 WI 60, ¶21, 310 Wis. 2d 138, 754 N.W.2d 77. No bright-line rule exists to determine when there has been reversible error, but we use the doctrine sparingly, and only to correct those errors that are "fundamental, obvious, and substantial[.]" *Id.*, ¶¶1, 21-22.

¶20 Generally, counsel is allowed significant latitude in closing argument, and it is within the circuit court's discretion to determine the propriety of counsel's statements and arguments to the jury. *See State v. Wolff*, 171 Wis. 2d 161, 167, 491 N.W.2d 498 (Ct. App. 1992). "The line between permissible and impermissible argument is drawn where the prosecutor goes beyond reasoning from the evidence and suggests that the jury should arrive at a verdict by considering factors other than the evidence." *State v. Neuser*, 191 Wis. 2d 131, 136, 528 N.W.2d 49 (Ct. App. 1995). Argument based on facts that are not in evidence is improper. *See State v. Albright*, 98 Wis. 2d 663, 676, 298 N.W.2d 196 (Ct. App. 1980).

¶21 As we have already explained, the reference in the medical record to "alleged abuse by uncle" was admissible under WIS. STAT. § 908.03(4). In addition, the circuit court concluded, and we agree, that the prosecutor's argument that the medical records corroborated the testimony of the State's witnesses was not improper. *See* **State v. Draize**, 88 Wis. 2d 445, 454, 276 N.W.2d 784 (1979) (explaining that "[t]he prosecutor may 'comment on the evidence, detail the evidence, argue from it to a conclusion and state that the evidence convinces him and should convince the jurors'" (citation omitted)). "There can be neither a deficiency nor plain error … unless the State's trial commentary was improper." *See* **State v. Bell**, 2018 WI 28, ¶14, 380 Wis. 2d 616, 909 N.W.2d 750. There was no plain error here.

### E. Cornejo is not entitled to a new trial in the interest of justice.

¶22 Finally, we address Cornejo's argument that he is entitled to a new trial in the interest of justice. He asks for this relief pursuant to WIS. STAT. § 752.35, which allows this court to reverse a judgment "if it appears from the record that the real controversy has not been fully tried, or that it is probable that justice has for any reason miscarried[.]" *See id.* Cornejo argues it is probable that justice has miscarried due to the cumulative effects of trial counsel's errors, the prosecutor's misconduct, and the circuit court's refusal to grant him an evidentiary hearing on his postconviction motion.

¶23 We exercise our discretionary power to grant a new trial "infrequently and judiciously." **State v. Ray**, 166 Wis. 2d 855, 874, 481 N.W.2d 288 (Ct. App. 1992). We have already determined that no error occurred as to the issues discussed above. Consequently, we are not persuaded that there was a miscarriage of justice.

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.