COURT OF APPEALS
DECISION
DATED AND FILED

June 22, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal Nos. **2020AP172-CR**
**2020AP173-CR**
**STATE OF WISCONSIN**

Cir. Ct. Nos. **2016CF0485**
**2016CF1048**

**IN COURT OF APPEALS**
**DISTRICT I**

STATE OF WISCONSIN,

      PLAINTIFF-RESPONDENT,

  V.

DEANDRE SIMONE MANNS,

      DEFENDANT-APPELLANT.

---

APPEALS from judgments and an order of the circuit court for Milwaukee County: MARK A. SANDERS, Judge. *Affirmed*.

Before Brash, P.J., Graham and White, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1　PER CURIAM. Deandre Simone Manns appeals judgments of conviction entered after he pled guilty to third-degree sexual assault in one case and intimidation of a victim as a habitual offender in a second case. He also appeals an order denying postconviction relief in both cases. We conclude that the two cases were properly joined for trial, severance was not required, and Manns's trial counsel was not ineffective for failing either to oppose joinder or to seek severance. Accordingly, we affirm the judgments and the postconviction order.[1]

## Background

¶2　In a criminal complaint filed in Milwaukee County Circuit Court case No. 2016CF485, the State alleged that on January 21, 2016, Manns offered D.P. a ride home from a casino but instead he brought her to a Milwaukee residence, pushed her onto a bed, and forced her to have mouth-to-vagina intercourse. When she reached towards her purse for a taser, Manns grabbed her by the neck and squeezed, then threatened her with a gun. Manns next threatened to blacken her eye, so she cooperated with his demands for penis-to-vagina intercourse. The complaint went on to allege that Manns had prior convictions for bail jumping and forgery, and that those convictions had not been reversed. The State charged Manns with four felonies as a habitual offender: first-degree sexual assault by use of a

---

[1] The Honorable M. Joseph Donald presided over the pretrial hearing on joinder and ordered the two circuit court cases joined for trial. The Honorable Carolina Maria Stark presided over the plea hearing. We refer to both Judge Donald and Judge Stark as the trial court. The Honorable Mark A. Sanders imposed sentence, entered the judgment of conviction, presided over the postconviction proceedings, and entered the order denying postconviction relief. We refer to Judge Sanders as the circuit court.

dangerous weapon; second-degree sexual assault; strangulation and suffocation; and possession of a firearm by a felon. [2]

¶3    While Manns was in jail awaiting resolution of the assault and firearm charges described above, the State filed a criminal complaint in Milwaukee County Circuit Court case No. 2016CF1048, charging him, as a habitual offender, with five felony counts of conspiracy to intimidate a victim.  This complaint alleged that in a series of five recorded telephone calls placed from the Milwaukee County Criminal Justice Facility on February 6, 2016, and February 7, 2016, Manns told a woman to contact "ole girl" in regard to abandoning the charges against him.  In the first conversation, he said that "if the victim of the sexual assault [would] ... keep her word" and deny that a sexual assault occurred, then he would say that the victim "didn't have [a] taser."  During the next three conversations, Manns directed his collocutor to urge other people to contact "ole girl," to ask as many people as possible to "get on her ass," and to have a third party "call the victim to see if the victim wanted money."  In the last conversation, Manns said that "he could beat the sexual assault, strangulation and possession of a firearm case if the victim did not go to court."  An investigator with the district attorney's office subsequently met with D.P., and she identified the male voice in each recorded call as belonging to Manns.  D.P. also told the investigator that she had received messages on Facebook from people she did not know who all told her that "she shouldn't go to court in the criminal case against" Manns.

¶4    The State moved to join the two criminal cases for trial.  Manns did not object, and the trial court granted the motion.  On the trial date, however, Manns

---

[2] In this opinion, we refer collectively to the four charges that arose on January 21, 2016, as the assault and firearm charges.

decided to resolve both cases with a plea agreement. Under its terms, he pled guilty in case No. 2016CF485, to one amended count of third-degree sexual assault, and he pled guilty in case No. 2016CF1048, to one count of intimidating a victim as a habitual offender. The remaining counts and their enhancers in both cases were dismissed and read in for sentencing purposes. At sentencing, the circuit court imposed two consecutive, evenly bifurcated ten-year terms of imprisonment.

¶5       Manns subsequently filed a postconviction motion seeking plea withdrawal. He claimed that joinder was improper and that his trial counsel was ineffective for failing to oppose the State's joinder motion.[3] The circuit court determined that, because the transcript of the joinder hearing was unavailable, the appropriate procedure was to consider the question of joinder anew. Accordingly, the parties filed memoranda addressing joinder and severance, and the circuit court held a hearing on the matters. Following a thorough discussion from the bench, the circuit court ruled that the two cases were properly joined and that severance was not warranted. The circuit court therefore concluded that Manns could not show that his trial counsel was ineffective. The circuit court entered an order denying the motion for plea withdrawal, and Manns appeals.

**DISCUSSION**

¶6       To prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate that counsel's performance was deficient and that the deficiency

---

[3] Manns also moved for plea withdrawal on the ground that he had lost his right to a meaningful appeal because a court reporter had failed to file a transcript of the hearing at which the trial court ordered his cases joined. In this court, he does not renew that claim for relief, and we do not discuss it further. *See State v. Schiller*, 2003 WI App 195, ¶6, 266 Wis. 2d 992, 669 N.W.2d 747. We observe, however, that—as both parties acknowledge in their respective briefs—the court reporter filed the transcript at issue some weeks after the circuit court resolved Manns's postconviction motion.

4

prejudiced the defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). Whether counsel's performance was deficient and whether any deficiency was prejudicial are questions of law that we review *de novo*. *See State v. Johnson*, 153 Wis. 2d 121, 128, 449 N.W.2d 845 (1990). To demonstrate deficient performance, the defendant must show that counsel's actions or omissions "fell below an objective standard of reasonableness." *See Strickland*, 466 U.S. at 688. To demonstrate prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *See id.* at 694. If a defendant fails to satisfy one component of the analysis, a reviewing court need not address the other. *See id.* at 697.

¶7 Counsel's "failure to pursue a meritless argument does not constitute deficient performance," *see State v. Sandoval*, 2009 WI App 61, ¶34, 318 Wis. 2d 126, 767 N.W.2d 291, and counsel's failure to pursue a legal challenge does not prejudice the defense if the defendant cannot establish that the challenge would have succeeded, *see State v. Ziebart*, 2003 WI App 258, ¶14, 268 Wis. 2d 468, 673 N.W.2d 369. Moreover, a claim of ineffective assistance of counsel predicated on a failure to challenge a correct trial court ruling cannot establish either deficiency or prejudice. *See id.*

¶8 Manns claims here that joinder was improper and that his trial counsel was ineffective for failing to oppose the State's joinder motion. He further claims that, if the trial court correctly joined his two criminal cases, then his trial counsel was ineffective for failing to seek severance.

¶9 Before we address Manns's claims, we must clarify the procedural posture of this appeal and the scope of our review. In the postconviction

proceedings, Manns argued that the circuit court should focus on the actions and inactions of his trial counsel and determine whether his trial counsel was ineffective in failing to oppose the State's request for joinder. The circuit court concluded, however, that in the absence of a transcript of the joinder hearing, the circuit court should take a fresh look at joinder. The circuit court reasoned that if joinder was proper and severance was unwarranted, then trial counsel necessarily was not ineffective for failing to pursue those matters. At the postconviction hearing, Manns objected to the circuit court's approach, but in this court he offers no such objection and instead affirmatively advises: "Although the [circuit] court took a somewhat unconventional approach, it nevertheless gave Manns all the process he felt was due." Accordingly, we deem abandoned any complaint about the procedure that the circuit court followed, and we do not consider whether any basis exists to challenge that procedure. *See State v. Schiller*, 2003 WI App 195, ¶6, 266 Wis. 2d 992, 669 N.W.2d 747. Instead, we review the circuit court's substantive analysis. We turn to that review.

¶10    Joinder is governed by WIS. STAT. § 971.12 (2019-20).[4] The "statute is to be broadly construed in favor of initial joinder." *State v. Prescott*, 2012 WI App 136, ¶15, 345 Wis. 2d 313, 825 N.W.2d 515 (citation omitted). Such broad construction is warranted to serve the statute's goals and purposes, namely, to promote trial economy and judicial efficiency, and "to eliminate multiple trials against the same defendant, which promotes fiscal responsibility." *See State v. Salinas*, 2016 WI 44, ¶36, 369 Wis. 2d 9, 879 N.W.2d 609. Whether crimes are properly joined is a question of law that we review *de novo*. *Id.*, ¶30.

---

[4] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

¶11    Under WIS. STAT. § 971.12(1), crimes may be charged together in the same complaint or information if:  (1) they are of the same or similar character; or (2) they are based on the same act or transaction; or (3) they are based on two or more acts or transactions that are connected together; or (4) they are based on two or more acts or transactions that constitute part of a common scheme or plan.  *See id.*; *see also **Salinas***, 369 Wis. 2d 9, ¶31.  Pursuant to § 971.12(4), two or more complaints or informations may be tried together if the crimes alleged in each charging document could have been joined in a single charging document.

¶12    According to Manns, the charges arising on January 21, 2016, should not have been joined with the charges arising on February 6 and 7, 2016, because the two sets of charges do not fit within any of the alternative statutory bases for initial joinder.  The circuit court, however, concluded that the two sets of charges were "connected together" within the meaning of WIS. STAT. § 971.12(1).

¶13    ***Salinas*** directs Wisconsin courts to determine whether crimes are "connected together" by examining:

> a variety of factors, including but not limited to:  (1) are the charges closely related; (2) are there common factors of substantial importance; (3) did one charge arise out of the investigation of the other; (4) are the crimes close in time or close in location, or do the crimes involve the same victims; (5) are the crimes similar in manner, scheme or plan; (6) was one crime committed to prevent punishment for another; and (7) would joinder serve the goals and purposes of WIS. STAT. § 971.12.

*Salinas*, 369 Wis. 2d 9, ¶43.  Charges may be connected together for purposes of joinder when many of the seven listed factors are applicable, notwithstanding the inapplicability of some of them.  *See **id.***, ¶44.

¶14    The circuit court determined that all but one of the ***Salinas*** factors apply here.  Upon our *de novo* review, we agree.

¶15    The two sets of charges against Manns are closely related and share components of substantial importance because the victim is the same in both sets of crimes, and the victim's testimony is important in regard to each charge.  The first and second ***Salinas*** factors therefore favor joinder.  *See **id.***, ¶44.

¶16    Regarding the third ***Salinas*** factor, the circuit court considered but rejected the State's view that the intimidation charges arose out of the investigation of the assault and firearm charges.  The State urges us to analyze this factor differently than did the circuit court, but we conclude that because two different agencies investigated the two sets of crimes—the Milwaukee Police Department as to the assault and firearm charges and the district attorney's office as to the intimidation charges—the two investigations are sufficiently distinct as not to satisfy this factor.

¶17    As to the fourth ***Salinas*** factor, the circuit court found that the two sets of crimes were "eighteen days apart.  That's pretty close."  We agree.  *See **Francis v. State***, 86 Wis. 2d 554, 561, 273 N.W.2d 310 (1979) (stating that incidents thirty-five days apart are close in time).  This factor favors joinder.  *See **Salinas***, 369 Wis. 2d 9, ¶44.

¶18    With respect to the fifth and sixth factors, the circuit court found that the two sets of crimes were part of a common scheme or plan because the intimidation charges reflected Manns's plan to "get away with" the earlier crimes of assault and possessing a firearm while a felon.  The circuit court also found that the State's central theory of the case was that Manns committed the intimidation crimes to avoid punishment for the assault and firearm charges.  In ***Salinas***, our

8

supreme court concluded that crimes were connected together where "the intimidation charges involved coercion and threats to manipulate [the victims] to withdraw their statements of physical abuse." *Id.* The fifth and sixth factors therefore favor joinder. *See id.*

¶19 As to the seventh and final factor, joinder would permit a single trial in circumstances where the evidence and witnesses substantially overlap, thereby serving the goals of trial economy, efficiency in judicial administration, and eliminating multiple trials against the same defendant. *See id.*, ¶36. This factor also favors joinder. *See id.*, ¶44.

¶20 In sum, a majority of the *Salinas* factors apply here and permit initial joinder under a theory that the two sets of crimes are connected together. Indeed, in circumstances where one set of crimes is committed to avoid punishment for another set of crimes, "[t]here can be no dispute" that joinder is authorized by WIS. STAT. § 971.12(1). *See State v. Bettinger*, 100 Wis. 2d 691, 693-94, 303 N.W.2d 585 (1981) (concluding that a charge of sexual assault was indisputably joined properly with a charge of trying to bribe the victim-witness to drop the charge).

¶21 We next consider the question of severance. Pursuant to WIS. STAT. § 971.12(3), the circuit court may sever crimes that are properly joined if either the defendant or the State is prejudiced by the joinder. The proper joinder of criminal offenses, however, is presumptively non-prejudicial. *See State v. Linton*, 2010 WI App 129, ¶20, 329 Wis. 2d 687, 791 N.W.2d 222. In order to rebut that presumption, a defendant seeking severance must show "substantial prejudice to his defense; some prejudice is insufficient." *Prescott*, 345 Wis. 2d 313, ¶13. Whether to order severance of matters that are properly joined rests in the circuit court's discretion. *See Salinas*, 369 Wis. 2d 9, ¶30.

9

¶22    We therefore must examine whether the circuit court erroneously exercised its discretion by denying Manns's request to sever the charges that arose in January 2016, from the charges that arose in February 2016. "In evaluating the potential for prejudice, courts have recognized that, when evidence of the counts sought to be severed would be admissible in separate trials, the risk of prejudice arising because of joinder is generally not significant." *State v. Locke*, 177 Wis. 2d 590, 597, 502 N.W.2d 891 (Ct. App. 1993).

¶23    The circuit court correctly concluded that the evidence of the intimidation charges would have been admissible at a trial of the assault and firearm charges. The long-standing rule in Wisconsin is that "evidence of criminal acts of an accused which are intended to obstruct justice or avoid punishment are admissible to prove a consciousness of guilt of the principal criminal charge." *See State v. Neuser*, 191 Wis. 2d 131, 144, 528 N.W.2d 49 (Ct. App. 1995) (citation omitted). Thus, in *Neuser*, we readily concluded that, at a trial for aggravated battery, the trial court properly admitted evidence of the defendant's threatening telephone call to the victim. *See id.* Similarly, we concluded in *State v. Bauer*, 2000 WI App 206, ¶¶1-2, 238 Wis. 2d 687, 617 N.W.2d 902, that at a trial for attempted first-degree intentional homicide, the trial court properly admitted evidence that the defendant solicited the murder of two potential State's witnesses. Relying on *Neuser*, we held in *Bauer* that the solicitation was admissible because it "was a criminal act intended to obstruct justice and avoid punishment[,] which demonstrates consciousness of guilt." *See Bauer*, 238 Wis. 2d 687, ¶7.

¶24    Here, the intimidation charges that arose on February 6-7, 2016, constituted evidence of criminal acts that Manns performed to obstruct justice and to avoid punishment for the earlier-arising assault and firearm charges. Pursuant to

*Neuser* and *Bauer*, the evidence of intimidation would therefore have been admissible at a trial on the earlier-arising charges.

¶25     The circuit court also correctly concluded that the evidence of Manns's assaults of D.P. on January 21, 2016, and his unlawful possession of a firearm during those assaults, would have been admissible at a trial of the later-arising intimidation charges.  Pursuant to WIS. STAT. § 904.04(2), evidence of a party's other crimes, wrongs, or acts is admissible if it satisfies a three-step test requiring a determination of whether:  (1) the evidence is offered for a permissible purpose, as required by § 904.04(2)(a);  (2) the evidence is relevant within the meaning of WIS. STAT. § 904.01; and (3) the probative value of the evidence is not substantially outweighed by unfair prejudice or other concerns enumerated in WIS. STAT. § 904.03.  *See State v. Sullivan*, 216 Wis. 2d 768, 772-73, 576 N.W.2d 30 (1998).

¶26     Whether evidence is admissible under *Sullivan* rests in the circuit court's discretion.  *See State v. Payano*, 2009 WI 86, ¶¶51-52, 320 Wis. 2d 348, 768 N.W.2d 832.  If the circuit court applied appropriate legal standards, examined the relevant facts, and explained its rationale, we will uphold the circuit court's exercise of discretion "unless it can be said that no reasonable judge, acting on the same facts and underlying law, could reach the same conclusion."  *See id.*, ¶51 (citation omitted).  We search the record for reasons to uphold a circuit court's discretionary decision.  *See State v. Manuel*, 2005 WI 75, ¶24, 281 Wis. 2d 554, 697 N.W.2d 811.

¶27     The first step of the *Sullivan* analysis requires only that the proponent of the evidence identify an acceptable purpose for the evidence.  *See Payano*, 320 Wis. 2d 348, ¶63.  This step is "hardly demanding."  *See id.* (citation and emphasis

omitted). Here, the State argued that evidence of the assaults and of Manns's possession of a firearm while a felon would demonstrate Manns's motivation for the conduct giving rise to the intimidation charges. "Motive" is listed in WIS. STAT. § 904.04(2), as an acceptable purpose for other acts evidence. Accordingly, the evidence satisfies the first step of the *Sullivan* analysis.

¶28 The second step of the *Sullivan* analysis requires the proponent of other acts evidence to demonstrate its relevance. According to Manns, the State failed to satisfy this step because "the State is not required to prove motive to get a conviction on the intimidation charge[s]. So motive is a red herring." We reject this argument. Although "motive" is not an element of the crime of intimidation of a victim, *see* WIS JI—CRIMINAL 1296, "motive 'may be shown as a circumstance to aid in establishing'" guilt. *See State v. Wilson*, 2015 WI 48, ¶62, 362 Wis. 2d 193, 864 N.W.2d 52 (citation omitted). Indeed, evidence of motive is "clearly relevant insofar as it tend[s] to increase the probability of [the defendant's] guilt." *See Kelly v. State*, 75 Wis. 2d 303, 318, 249 N.W.2d 800 (1977). The evidence of motive has such a tendency here. *See Bettinger*, 100 Wis. 2d at 698 (explaining that evidence of a sexual assault demonstrates the motive for an act of bribery).

¶29 The third step of the *Sullivan* analysis requires the party opposing the other acts evidence to show that the probative value of the evidence is substantially outweighed by, *inter alia*, unfair prejudice. *See Payano*, 320 Wis. 2d 348, ¶80. Here, Manns claims that his status as a felon is prejudicial *per se* and that disclosure of his status in a trial of the intimidation charges would outweigh the probative value of evidence of his assaults and possession of a firearm as a felon. We have recognized that some prejudice may arise in similar circumstances. *See Prescott*, 345 Wis. 2d 313, ¶18 (acknowledging some prejudice from joining a charge of reckless injury with a charge of possessing a firearm as a person previously

convicted of a felonious act). We determined in *Prescott*, however, that the prejudice was not substantial, for three reasons: (1) at trial, the defendant stipulated to his status as a felon, so the jury did not learn the specifics of the felonious act that the defendant committed; (2) the trial court gave a limiting instruction requiring the jurors to consider each charge separately, and "[w]e presume that juries follow instruction"; and (3) the evidence was overwhelming. *See id.*, ¶¶19-20.

¶30     We need not and do not consider whether, at a trial of the intimidation charges, Manns might adopt a strategy allowing for a stipulation, or whether the recordings of Manns's allegedly threatening statements and the other evidence of intimidation would overwhelm any defense he might mount. Regardless of his trial strategy or the persuasive power of the evidence against him, Manns could address any potential prejudice arising from the admission of other acts evidence by requesting an instruction limiting the purpose for which the jury could consider that evidence. *See Payano*, 320 Wis. 2d 348, ¶100 (reflecting that a limiting instruction is required if requested by the defendant). "If an admonitory instruction is properly given by the court, prejudice to a defendant is presumed erased from the jury's mind." *See id.*, ¶99 n.20 (citation omitted). A reasonable judge could rely on that presumption to conclude that, under the facts here, Manns failed to carry his burden of proving that the probative value of the other acts evidence would be substantially outweighed by unfair prejudice.

¶31     The foregoing analysis demonstrates that at a trial of the assault and firearm charges that arose on January 21, 2016, evidence would have been admissible that Manns participated in a conspiracy to intimidate D.P. during the period of February 6-7, 2016. *See Neuser*, 191 Wis. 2d at 144. Conversely, at a trial of the intimidation charges that arose on February 6-7, 2016, evidence would have been admissible that Manns assaulted D.P. and unlawfully possessed a firearm

13

as a felon on January 21, 2016. *See* WIS. STAT. § 904.04(2). Prejudice from joinder of the two sets of charges therefore was not significant, *see **Locke***, 177 Wis. 2d at 597, and severance was not required.[5]

¶32 At this juncture, we observe that Manns faults the circuit court for failing to sever the charge of felon in possession of a firearm from the three assault charges that arose at the same time. However, he has not directed us to a point in the record where he made such an argument in the circuit court. *See **State v. Caban***, 210 Wis. 2d 597, 604, 563 N.W.2d 501 (1997) (holding that an appellant has the burden of showing where an issue was raised below). Moreover, we have not identified such an argument in our own review of the postconviction proceedings. Rather, Manns contended in his postconviction motion that the trial court erred by joining the case that arose on January 21, 2016, with the case that arose on February 6-7, 2016, and that his trial counsel was ineffective for failing either to object to the joinder or to seek severance of the two cases. Indeed, his postconviction memorandum explicitly asked the circuit court to "deny the State's motion for joinder or, in the alternative, sever the cases if it does grant the motion."

¶33 As a matter of judicial administration, we normally do not consider claims raised for the first time on appeal. *See **Townsend v. Massey***, 2011 WI App 160, ¶23, 338 Wis. 2d 114, 808 N.W.2d 155. Because the State has responded to Manns's new claim, however, we elect to depart from our normal practice and address his contention in the interest of completeness. According to Manns, his

---

[5] Manns argues in his reply brief that joinder of the intimidation charges with the assault and firearm charges would have substantially prejudiced his defense against the latter set of crimes because the charge of intimidating a victim carries an assumption that someone was victimized and thus erases the presumption of innocence. Manns did not raise this argument in the circuit court or in his opening appellate brief. Because neither the circuit court nor the State had an opportunity to address his argument, we decline to consider it. *See **State v. Mechtel***, 176 Wis. 2d 87, 100, 499 N.W.2d 662 (1993) (we do not consider issues raised for the first time in a reply brief).

status as a felon "label[ed] him as a bad man" and therefore was so prejudicial as to require the circuit court to sever the firearm charge from any trial of the assault charges. The claim fails. Notwithstanding possible prejudice to the defendant, "severance is unnecessary where the charges are 'so inextricably intertwined so as to make proof of one crime impossible without proof of the other.'" *See **Bailey v. State***, 65 Wis. 2d 331, 347, 222 N.W.2d 871 (1974) (ellipses and citation omitted). In this case, the evidence that Manns committed three assaults, including first-degree sexual assault by use of a dangerous weapon, was essential to prove the circumstances under which D.P. observed him in possession of a firearm while he was felon; and the evidence that Manns possessed a firearm while a felon was essential to prove his intent to commit assaults and the way in which he committed them. Moreover, as we explained in ***Prescott***, a defendant can minimize any prejudice from trying charges together by requesting an instruction directing the jurors to consider the crimes separately. *See **id.***, 345 Wis. 2d 313, ¶19.

¶34 In sum, all of the charges were properly joined and severance was not required. Accordingly, Manns's trial counsel was not ineffective for failing to challenge the joinder or for failing to request severance. *See **Ziebart***, 268 Wis. 2d 468, ¶14. For all the foregoing reasons, we affirm.

*By the Court.*—Judgments and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.

15